ANDREW SHROYER *vs.* HENRY MILLER.

January Term, 1869.

1. To constitute a good count for slander at common law upon a charge of having committed an offense, it is held that the charge of the defendant, if true, must amount to such an offense or crime as would subject the plaintiff to the punishment annexed to it.

2. It is not indispensable in an action for slander, at common law, upon a charge of perjury to set out and charge all the facts constituting such offense with the same technical strictness as would be required in an indictment for the same offense.

3. It is not error on the trial of an action of slander to permit the plaintiff to introduce evidence to prove his good character where the same has not been assailed by the defendant, or evidence introduced by him to impeach it.

4. The fact that the presumption of law is in favor of the plaintiff's good character, and, therefore, no good could flow from permitting him thus to prove it, does not avail the defendant in the appellate court as he cannot be heard to allege error here unless it appears that he is aggrieved by it.

The declaration in this case was filed in the clerk's office of the circuit court of Taylor county, at July rules, 1864. It averred that a certain suit was pending before James Conn, a justice of Taylor county, before the committing of the grievances, &c., and had been by the justice tried; that on said trial, wherein Andrew Shroyer was plaintiff and John F. Smith was defendant, the plaintiff Miller had been sworn as a witness; that the defendant Shroyer, envying his good name, &c., did, on a certain day, in the hearing, &c., falsely and maliciously speak and publish, concerning the said suit and the testimony of the plaintiff so given by

*He had been counsel in the cause below.

him as a witness, on the trial of the suit before the justice, the following words, &c., thereby meaning that the plaintiff in giving in his evidence as such witness on such trial had committed wilful and corrupt perjury.

The second count was for words tending to a breach of the peace, under the statute.

The defendant demurred to the declaration, which being overruled he pleaded not guilty.

On the trial had in May, 1866, the defendant excepted to the ruling of the court in permitting the plaintiff to introduce testimony to prove his good character, the same not having been assailed or any evidence introduced by the defendant to impeach it.

The jury found a verdict of 225 dollars for the plaintiff. The defendant obtained a supersedeas from this court.

*Richardson* for the plaintiff in error.

*Haymond* and *Boggess* for the defendant in error.

BERKSHIRE, J. The record in this case discloses but two questions for our consideration, both of which are assigned in the petition for the supersedeas.

The first is as to the sufficiency of the first count in the declaration. It is a common law count for defamation upon a charge of perjury.

It was insisted in the argument here, that the count is fatally defective for omitting to aver that the matters deposed to by the plaintiff, on the trial of the suit therein referred to, were *material* to the proceedings then pending and being tried before the justice, and that for this reason the demurrer to this count should have been sustained.

To constitute a good count for slander at common law, upon a charge of having committed an offence, it is held that the charge of the defendant, if true, must amount to such an offence or crime as would subject the plaintiff to the punishment annexed to it. Looking at the whole of this count, the introductory part of it, the *colloquium*, the words spoken and the inuendos, I think it amounts to a charge of

perjury on the part of the defendant, and that all the facts necessary to be averred in such a case are set forth with sufficient fullness and accuracy to constitute a good count. I am not aware that it has ever been held, in an action for slander at common law, upon a charge of perjury, that it must be averred in the declaration that the facts sworn to by the plaintiff were *material* to the proceedings pending at the time of the alleged false swearing; or that it was indispensable to set out and charge all the facts constituting such offence with the same technical strictness as would be required in an *indictment* for the same offence.

The case of *Hogan* vs. *Wilmoreth*, 16 Grat., 80, is, in all its material facts, quite similar to the present case.    It was an action of slander upon a charge of perjury.   The first count in the declaration was intended to be a common law count, and averred that the plaintiff, in a suit he had previously prosecuted against the defendant before two justices of the peace, had, at the instance and request of the defendant, been sworn and given evidence in his own behalf, on the trial of said suit, and then avers that the defendant, afterwards, in a conversation with the plaintiff, and in the presence and hearing of divers other persons, stated and charged that the plaintiff "swore a lie for one dollar and twenty-five cents;" upon demurrer, the court held that inasmuch as it was not in itself actionable at common law to charge and say of a party that he "swore a lie" (these terms not necessarily implying perjury) the count was bad for not averring in the *colloquium* that the plaintiff and defendant were talking about the said suit and proceedings had before the justices at the time the slanderous words were spoken by the defendant.

But for this omission, however, it is evident, I think, the count would have been sustained in that case, though it contained no averment as to the materiality of the facts sworn to by the plaintiff.

There is no such defect found in the count under consideration.   On the contrary it is distinctly averred that the slanderous words were spoken by the defendant in a con-

versation of and concerning the said suit, and the testimony given by the plaintiff on the trial thereof referred to in a former part of the count.

I think, therefore, no error was committed in overruling the demurrer to this count.

The remaining error assigned is that the court erred in allowing the plaintiff to give evidence in chief of his general good character, it not having been assailed or put in question by the defendant.

On this question very much conflict of decision and authority is found in the earlier cases, both in this country and England. It is evident, I think, however, that the tendency of the judicial mind of this country, at the present day, is toward the admission of such testimony; and in the very recent case of *Adams* vs. *Lawson*, 17 Grat., 250, it was expressly held that such evidence was proper and admissible.

As a question of practice, I perceive no objection to the doctrine. It seems to me not unreasonable that a plaintiff in an action for defamation in which his character is essentially and directly involved, should be permitted to sustain and confirm by *evidence*, the *presumptions* of the law in his favor. Nor is it perceived how any injury could result to the defendant from such evidence. It 'can certainly work no surprise on the defendant for the plaintiff to be allowed to establish by *evidence* what the *law* imputes to him in the absence of such evidence. In such case he is required to meet no new issue nor assume any new position or different line of defence than would be necessary if such testimony were not allowed to be given. At his own option he goes to trial either upon the *concessum* of good character on the part of the plaintiff or with the purpose of contesting and assailing it, and it is difficult to conceive what possible difference it can make to the defendant whether the plaintiff on the other hand should, in like manner, chose to rest on the *presumptions* of the law or seek to establish his general good character by evidence.

It has been suggested in the argument, however, that although no special harm may have resulted to the defendant

from the admission of such testimony, yet, as no material *good* could flow from it, to the plaintiff, it was improper and erroneous in this case to allow it. If this were true, it could not avail the plaintiff in error here, for the reason that a party will not be heard in an appellate court to allege error unless it appears he is *aggrieved* by it.

In my judgment there is no error in the judgment of the circuit court, and it must, therefore, be affirmed with costs and damages.

The other judges concurred.

JUDGMENT AFFIRMED.