By the Court.
The law presumes the plaintiff’s character to be good. 1 Hilliard on Torts, sec. 63.
Notwithstanding this, some courts and authors hold, that in actions of slander and libel the plaintiff may confirm the presumption by evidence. 3 Sutherland on Damages, 655; Shroyer v. Miller, 3 W. Va., 158.
Contention is also made that as the law only presumes an average character, the plaintiff should be permittecf to establish, if he can, a character superior to that, in order *492 to enhance the amount of his recovery. Claim is further made that the defendant in this class of cases is not injured by the plaintiff, introducing evidence of his good character in- chief, because it only tends to establish what the law would presume in the absence of the objectionable evidence. The force of this latter contention- would be greatly increased if the evidence of good character actually introduced tended to establish a character of the same degree of excellence that the law would presume, if no evidence should be given, and if it could be certainly known the plaintiff’s good character was no more forcibly presented to the minds' of the jury by the favorable opinions of his neighbors, delivered under oath in their presence, than it would have been by a silent presumption of law. At best, the contention that the plaintiff in that class of actions should be allowed to establish by evidence a character superior to that presumed by law, cannot be harmonized with the other claim that there is no error'in allowing it to go to the jury, because it only establishes what the law presumes.
Without entering into' any discussion of the principles involved in this question, w'e think the rule forbidding the introduction of such evidence in chief, has prevailed in this state from an early period in its judicial history. The rule is plain and of easy application, works no substantial injustice, and no sufficient reason has been adduced to justify its being overturned.

Judgment affirmed.