McGee
vs
Anderson.

---

## McGee *vs* Anderson.

### Error to the Calloway Circuit.

*Sheriff. Trespasser. Property exempt from execution.*

Judge Marshall delivered the Opinion of the Court.

Trespass.

*Case 58.*
B. Monroe
1bm187
e135   159

April 12.

This was an action of trespass, by McGee against Anderson, for taking and converting the plaintiff's mare.

*Pleadings & jud't in the Cir't Ct.*

McGee
*vs*
Anderson.

The defendant justified under an execution against the plaintiff and others, by virtue of which he, as sheriff, had taken and sold the mare. The plaintiff replied that at the time, &c. he was a *bona fide* house keeper, with a family, and had but two animals of the horse kind, viz: two mares, and that, electing to keep the mare levied on, under the statutory exemption of one work beast, he had on the day of sale, and at and before the sale, tendered the other mare to the sheriff, to be sold in lieu of the mare levied on, and which he elected to keep. To this the defendant rejoined, that at the time, &c. the plaintiff had one yoke of oxen besides, &c.; and upon demurrer to this rejoinder being overruled, the plaintiff having failed to make further answer, a judgment in bar was rendered against him, which he now seeks to reverse.

The question made by this state of the pleading, arises on one of the provisos contained in the 13th section of the general execution law of 1828, (*Stat. Law*, 641,) by which it is declared, among other things, that one work beast or yoke of oxen, (of a *bona fide* housekeeper, with a family,) shall be exempt from execution.

If an execution debtor have several articles of property, one of which he may elect to keep, sheriff is not guilty of trespass in taking any one before election made—

If the execution debtor, having three or more articles of property, one of which only is exempt from execution, be considered as having the right to elect which he will retain, there was no such election in this case, before the levy, and the sheriff certainly was not a trespasser, originally, by the act of levying on one of the articles, leaving two others, one of which might satisfy the privilege of exemption; and, conceding the right of election still to have remained in the debtor, until the sale, it gave him no right to impede the execution, or to render it less effectual than it would have been, or might have been made by the sheriff, if the debtor's election had been made before the levy. We are of opinion therefore, that the refusal of the sheriff to surrender the article levied on, in allowance of an election made on the day appointed for its sale, and his then proceeding to sell such article, would not be wrongful, so as to make him a trespasser, *ab initio*, unlesss the debtor should tender to him, for sale, in lieu of the article levied on, such other articles as he might, in the first instance, have seized for the

satisfaction of the debt, or so much thereof as was certainly and palpably sufficient to discharge the debt, or as was at least equal in vendible value to the article then claimed to be exempt.

Applying these principles to the pleadings before us, the defendant was clearly entitled to a judgment on the demurrer, because the replication did not show either that the mare tendered in lieu of that which had been levied on, was the only property on which the sheriff might have levied, if the debtor's election had been made in the first instance, or that it was of sufficient value to discharge the debt, or that it was of equal value with that which was claimed from the sheriff. The replication was therefore insufficient to make the sheriff a trespasser, and as the rejoinder certainly did not admit any of these alternative facts which were omitted in the replication, the judgment for the defendant was right, whether the rejoinder be in itself defective or not. Without, therefore, enquiring into the goodness of the rejoinder, the judgment is affirmed.

*J. T. Morehead* for plaintiff.

