Nash, C. J.
 

 Upon the trial of this case, the plaintiff offered evidence to prove that his general character was good. This evidence was ruled out by the Court, upon the ground that all men were in law, presumed to have a good character until the contrary appeared. The jury therefore were instructed to consider the plaintiff as a man of good character. That the defendant may show the bad character of the plaintiff in mitigation of damages is not denied, and it is equally undoubted that to rebut such evidence the plaintiff may show his general character to be good ; hut it is denied that such evidence can be given in chief, because the law presumes every man to have a good character. The question is a vexed one, both in this country and in England. Thus Mr. Starkie 2nd Yol. on Evi., p. 216, in an action of slander imputing dishonesty to the plaintiff, who was the defendant’s servant, the plaintiff may prove his good character before it is impeached by the defendant, by any evidence. On the
 
 next page
 
 he lays it down as a general rule that the plaintiff cannot go into such evidence to increase his damages until evidence has been given to impeach it. On page 218, Mr. Starkie says, it has been even held that where the defendant has attempted to impeach the •general character of the plaintiff on cross examination of his witnesses, and has palpably failed, that the plaintiff cannot call witnesses to his good character. The case cited, by him is that of
 
 *321
 

 King
 
 v.
 
 Francis,
 
 3 Esp. Cases, 116, before Lord Kenyon. It was but due to that eminent and able Judge, that the dissent of the author should be expressed with great modesty, and so it is. His language is,
 
 “
 
 It may1 be doubted whether this is not carrying the general doctrine too far.” Mr. Stephens, in his Nisi Prius, 3d Yol. 25T8, says that testimony of the general good character of the plaintiff cannot be given in evidence in the first instance. In Mr. Starkie’s treatise on slander the contrary is held, pages 77 and 86. If we turn to the treatises of eminent American jurists, we find that the doctrine is proclaimed as settled. That in actions of slander the plaintiff’s general character is in issue, and therefore evidence showing it to be good or bad, and consequently of much or little value, may be offered on either side to affect the amount of damages, 2d Green. Ev. 280. The character of Mr. Greenleaf’s treatise on Evidence stands very high, and his doctrine is sustained by the Supreme Court of New York, in
 
 Gilman
 
 v.
 
 Lowell,
 
 8 Wcndall, 578.
 
 “
 
 The character of the plaintiff is a proper subject of investigation in ascertaining the amount of damages which he is entitled to recover.” We think that in the clash of authority we are at liberty to look to the reasons which support the opposite sides. It is a general rule recognized by all writers, that in civil proceedings, unless character be put
 
 directly
 
 in issue
 
 by the nature
 
 of the
 
 proceedings,
 
 evidence of the general character of neither party is admissible, but when it is so put in issue, it is competent. In what case can the nature of the proceedings bring a case more decidedly under the exception implied in the rule than it does in this? The nature of the crime charged upon the plaintiff is of the most odious character, the preferring of which is calculated to banish the individual charged from the ordinary intercourse of his fellow man, to brand him with an offence more odious than that which drove Cain into the wilderness, and made him a wanderer upon the face of the earth. The very charge involves his character, and that directly to the full amount of all he holds dear on earth. No case can be imagined in which the necessity and propriety of such evidence is more demanded. The crime charged is detestable — and there is but one witness to the foul deed. In such a case, how can the purest man that lives shield himself from the effects of malice or
 
 *322
 
 revenge, if not permitted to resort to such evidence? But in this case the defendant has put on the record a plea of justification. Is not the general character of the plaiirtiff a matter of important inquiry to the jury in doing justice to the parties'? The action of slander is founded on the alleged damage done to the plaintiff, and the malice of the defendant. Where the words spoken are in themselves actionable, the law implies malice ; but the amount of damage, to a variety of circumstances, the repetition of the words by the defendant, the time and place and manner of their utterance, all these are legitimate objects of proof on the part of the plaintiff. ■ Why should not his general character aid him ? Is the woman of prostituted character entitled to the same measure of damages as one who is pure and upright, and whose character is unstained by crime or suspicion of crime? Is not the» defamation of such, an evidence of deeper and more aggravated malice on the part of the defendant? It is said in answer that the law presumes the character to be good until tire contrary be shown. Suppose this case ; two actions are brought by two different females against the same defendant for words charging each with incontinence. The one is pure and upright — tire other a common prostitute. The defendant, as in this case, pleads the general issue and a justification, and upon the trial offers no evidence. The same jury tries bo.th cases ; the evidence of character is not offered, because it is known the Court will reject it. What is the jury to do? Why both stand in law before them as persons of good character, and the jury must give to the prostitute the same amount of damages, as to the plaintiff of irreproachable character. Would not common sense and common justice revolt at such a result?
 

 The view taken above, of the rule in question, is fortified by what fell from the Court in
 
 McCauley
 
 v. Birkhead, 13 Ire. 29.’ It was an action on the case for seduction, in which the Court ruled that it was competent for the plaintiff, the father, to give in evidence the character of his own family, upon the ground that the plaintiff was entitled to ask for damages not merely to the amount of the value of the services of his daughter, but for such an amount as will compensate him, as far as dollars and cents can, for a parent’s injury, and to punish the defendant;. In con-
 
 *323
 
 elusion the Court say, character is not brought into question except upon the inquiry as to damages.
 
 “
 
 Evidence of" general character is not admissible except in those actions where the jury may in its discretion give exemplary damages.” In such cases, to regulate their discretion, juries should be put in possession of all the circumstances connected with the transaction ; and among these certainly is the general character and standing of the plaintiff. The action of slander is one in which the jury may give exemplary damages. ,
 

 I know it is said that hard cases are the quicksands of the law. This is true when particular cases are attempted to be withdrawn from the operation of the law, because they are hard ; but it cannot apply in laying down a general rule of evidence, by which all cases coming under its operation, are to be governed. We cannot in this case state the principle more plainly or fully than it is stated in
 
 McCauley's
 
 case. In an action of slander the jury may give exemplary damages, and to regulate their discretion, the plaintiff is entitled to give in evidence, in chief, his general character.
 

 The testimony offered was improperly rejected, and the plaintiff is entitled to a
 
 venire de novo.
 

 Peb Curiam. Judgment reversed, and
 
 venire de novo
 
 awarded.