Smith vs. Lovelace.

CASE 29—PETITION ORDINARY—OCTOBER 3.

# Smith vs. Lovelace.

APPEAL FROM PENDLETON CIRCUIT COURT.

1. In an action of slander, for charging the plaintiff with perjury—plea of justification—proof of the plaintiff's high character is admissible. (2 *Greenleaf, sec.* 426.)

2. Proof of reiterated utterances of the same or other defamatory words, is also admissible to show the malignity with which the words charged in the suit were spoken. (1 *Greenleaf, sec.* 52.)

S. F. SWOPE, for appellant, cited 2 *Bibb*, 24.

J. E. RECORDS and W. C. MARSHALL for appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On the trial of an issue on a plea of justification, in an action of slander for charging the appellant (plaintiff below) with perjury, he offered to prove, by several witnesses, " aged men of high standing," that plaintiff was " a man of high character and standing in the community;" and this the court refused to permit; and also offered to prove, by other witnesses, that the defendant (now appellee), from the time of the swearing charged as perjury to the commencement of this suit, had " on divers occasions, repeated the words" charged in the petition and justified in the answer; and this also was not allowed by the court.

Whether the circuit judge erred in either or both of those rulings, this appeal requires this court to decide; and we are of the opinion, that, in both instances, the circuit court erred.

1. As the testimony was somewhat conflicting as to what the appellant swore, and as to his constructive intent, proof of his high character might have tended to rebut a criminal construction of the facts or of his intent; and, moreover, as the issue involved his character, and the measure of damages depended essentially on its grade, he had a right to the testimony offered and rejected as to his character. (2 *Greenleaf on Ev., sec.* 426, *and the adjudged cases therein cited*.)

2. As, in such a case, the degree of malice prompting a

slander either aggravates or mitigates the wrong, and, consequently, may either augment or diminish the rightful damages, proof of reiterated utterances of the same, or other defamatory words, may be admissible to show the malignity which impelled the publication charged in the suit, and the spirit and intention of its utterance. (1 *Greenleaf*, *sec.* 52, *and the cases therein referred to.*)

Wherefore, for these two errors, seeing no other, the judgment is reversed, and the cause remanded for a new trial.