CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court:'
Appellee was a witness on a trial before a justice of the peace between George Wallace and appellant, and to a question by the latter, on cross-examination, he made answer, to which appellant replied, “ It is not so; ” and to the answer of appellee to another cross-question, he replied “ It’s not so — no such thing!” Upon the trial of this action of slander, the witnesses stated that these replies by appellant were “ in an excited, angry tone, which produced some consternation in the crowd; ” and “that the manner and tone of the expressions of Dedway induced them to believe that he meant that Powell was swearing a lie, and they so took it.”
The court refused, at appellant’s instance, to instruct the jury to find for him, to which exception was taken; but substantially referred the meaning and intention of appellant to the jury, saying, if he meant to charge appellee with perjury, then they must find for him; but if not, then for appellant.
The jury found for the plaintiff two hundred and fifty dollars, one hundred dollars of which he remitted, and the defendant has appealed.
In Nash vs. Eakle (7 J. J. Mar., 424), this court said: “As the words were susceptible of a two-fold meaning, one imputing a felony and the other amounting to a trespass only, it was the province of the jury to determine, from the circumstances, in what sense they were uttered and understood. This is the rational and. legal rule as *79 now well established by authority.” (Starkie on Slander, 44 to 55, and authorities cited.)
As the appellant, in his answer, confessed the trial and the speaking of the words, but denied he meant to impute perjury or false swearing to appellee, and only meant he was mistaken; that he regarded him as an upright, honest man, &c., perhaps the verdict may be regarded as somewhat harsh; but appellee seems generously to have remitted one hundred dollars, without solicitation. Still, as matter of law, there was no error in refusing appellant’s instruction; and as these words are susceptible of an innocent and an offensive meaning and understanding, their determination was properly left to the jury.
Judgment affirmed without damages, no supersedeas appearing.