CHIEF JUSTICE LINDSAY
delivered the opinion or the court.
Appellee avers that he was duly and legally sworn as a witness to testify in an action between the commonwealth and the appellant, then pending before one F. M. King, a justice of the peace; that he did testify; and that while in testifying of and concerning a material question involved in the case, the appellant maliciously and falsely charged upon and spoke of and concerning him and his testimony these words, “ That his said testimony was false, and the reason the plaintiff testified falsely against him was, that he (the plaintiff) was a bitter enemy of him (the defendant), and that he (the plaintiff) knew nothing about the said case in court.”
And also, at the same time and place, these other words, “ Your testimony is false, and you know nothing. about this *483 case; and you would not so testify if you were not my bitter enemy; and that the plaintiff had perjured himself.”
The answer of appellant is .not good as a plea of not guilty. While he denies having used the language charged by appellee in the first and second paragraphs of his petition, he does not controvert each charge separately and specifically, but rather denies the truth of the two charges taken together, and then, to make plain his intent, he proceeds to deny that he used said language or any similar language falsely or maliciously, or with intent to injure the good name or fame of appellee; and, by way of further explanation or excuse, explains that he conducted his own defense before the justice, and cross-examined plaintiff, and called attention to certain alleged inconsistencies and contradictory statements in his testimony; and he claims that anything he may have then said, was addressed to the court in attempting to sustain his defense to the action, and for no other purpose, and was not in excess of his lawful right to indulge in fair criticism and legitimate argument.
According to the well-established rules of .construction, this answer in effect admits the speaking of the words complained of, and sets up and relies on the time and circumstances attending the speaking to show that they were privileged, and therefore not the subject of an action for slander. It is essentially a plea in confession and avoidance. A party to a judicial proceeding may, by himself or counsel, Write or say any thing -of and concerning the case, or of a witness who testifies in the case, that is pertinent and material to the matter in. controversy, and he can not be held to answer for scandalous words, unless, under the pretense of pleading his cause, he designedly wanders from the point in question, and maliciously heaps slander upon the party whose conduct or evidence is under consideration ; and so long as it can be said that such party confines himself to that which is pertinent and material, he is under no obligation to show that his words are absolutely true; and can *484 not be made to answer for maliciously saying that which the law permits him to say.. (Townshend on Slander, 348-350 and 358, 359,- and authorities cited.)
The instructions given by the court do not conform to this view of the law, and are also objectionable in other particulars.
The effect of instruction No. 1 is, that if the words charged were spoken and were false, then the law implies malice; and' the only question left open for the jury was that of damages. While malice will usually be implied from the wrongful use of false and slanderous words, still it is a question of fact for the jury, and ought not to be taken from them by the court, and especially in a case where it is claimed that the words were privileged.
Instruction No. 2 is also objectionable in assuming that it was the duty of the jury to find for the appellee.
Instructions Nos. 3 and 4 do not correctly present the law of the case on the question of privilege. According to said instructions the jury could not return a verdict for appellant on the ground that the words were privileged, unless they could find from the evidence that he believed they were true, and were necessary and material to his defense, and were used by him for the sole purpose of promoting it.
The jury should have been instructed, that appellant admitted speaking the words complained of, and that if they believed they were spoken maliciously and were false, they should find for appellee, unless they further believed said words were pertinent and material to a question in controversy in the action pending before the justice, in which case they should find for appellant.
For the errors pointed out the judgment is reversed, and the cause remanded for a new trial on principles consistent with this opinion.