*Muir & Heyman, for appellant.*

*Isaac Caldwell, Isaac Palmer Caldwell, for appellee.*

---

## W. T. WINSTEAD *v.* W. T. TRICE.

[Abstract Kentucky Law Reporter, Vol. 5—863.]

**Construction of Slanderous Words.**

Words charged to be slanderous must be construed in the same sense that hearers of common and reasonable understanding would receive them. When words are not such as necessarily to import that one has been guilty of an indictable or infamous crime and

are capable of two constructions, the one importing guilt and the other not, the sense in which the words are used must be left to the jury.

## APPEAL FROM WEBSTER CIRCUIT COURT.

### April 22, 1884.

OPINION BY JUDGE HINES:

This is an appeal from a judgment sustaining a demurrer to the petition in an action for slander. The petition as amended alleges that appellee spoke of and concerning appellant these false and slanderous words: "It is a good thing that brother Joel married before he died, for as it is we will get one-half of his gold; if he had died at W. T. Winstead's we would not have got any of it, for he would have got it all. The widow, E. D. Trice, told me she stayed at W. T. Winstead's the night after J. T. Trice was buried; that after supper she sat down to take a good long smoke as usual; in a few minutes she found that she was left alone in the room with the little children; that she looked and found that her valise was gone from where she had put it; that she got up and went into the other room and found W. T. Winstead and his wife and A. T. Winstead and his wife with the valise open, and that she missed about $200." The petition further alleges that the appellee thereby intended to charge appellant with the crime of grand larceny by taking $200 out of the carpet bag; that J. T. Trice was the husband of E. D. Trice, the brother of appellee and uncle to appellant, and that the said E. D. Trice on the occasion referred to had in her valise a large amount of money left by the husband.

There being no allegation of special damages the question is whether the words used are actionable in themselves. The rule appears now to be that the words charged to be slanderous must be construed by the court in the sense that hearers of common and reasonable understanding would receive them; but when the words are not such as necessarily to import that the person referred to has been guilty of an indictable or infamous offense, and are capable of two constructions, the one importing guilt and the other not, the sense in which the words were used must be left to be determined by the jury. *Welsh v. Eakle,* 7 J. J. Marsh. (Ky.) 424; *Dedway v. Powell,* 4 Bush (Ky.) 77, 96 Am. Dec. 283; *Kennedy v.*

*Gifford,* 19 Wend. (N. Y.) 296; *Patterson v. Edwards,* 2 Gil. (Ill.) 720; Folkard's Starkie on Slander and Libel (4th Eng. ed.), §§ 53 and 54.

Here the words used do not necessarily import a charge of grand larceny as to appellant, as they are reasonably susceptible of another meaning, but as the jury may have found from all the facts and circumstances surrounding the speaking that the words were intended to charge the offense of grand larceny and that they were so understood by those hearing them, the determination of their meaning as spoken should have been left to the jury.

Judgment *reversed* and cause remanded with directions to overrule the demurrer to the petition as amended and for further proceedings.

*C. W. Cook, Geo. H. Towery, F. M. Baker, for appellant.*
*D. H. Hughes, for appellee.*