## Johnson v. Featherstone.

(Decided January 27, 1911.)

### Appeal from Hickman Circuit Court.

1. Slander—Evidence—Repetition—Animus.—Repetition of slander is allowed to be proved, not as evidence that the words charged and sued for were spoken nor to permit a recovery for the subsequent statements, but as evidence of the animus of the defendant. Malice can be proved only by circumstances generally, and this character of evidence is receivable upon that score.

2. Action for Slander—Relevant Evidence—Reputation of Plaintiff.—In an action for slander it is a relevant inquiry as to what the reputation of the plaintiff was before the words were spoken, the purpose not being to affect his credibility as a witness in the pending suit but because it is a subject matter of the suit, but in such action the defendant cannot introduce evidence of his own general character where he is not impeached by evidence of bad character.

3.  Same—Corrupt Purpose of Witness.—The crime of false swearing or perjury involves a wilful corrupt misstatement of a fact which may be either that the witness testifies to a fact as true which he knows to be untrue, or so testifies to a fact as being within his knowledge when he knows that it was not. It is the corrupt purposes of the witness in every instance that is the basis and essential ingredient of the crime.

4.  Innocent Mistake in Evidence.—Innocent mistakes in evidence are not criminal and constitute neither perjury nor false swearing. "The offense consists in swearing falsely and corruptly without probable cause of belief, not swearing rashly or inconsiderately according to belief."

SMITH & FLATT, for appellant.

SHELBORNE & SHELTON, for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellee brought this action of slander against appellant who had charged appellee with a crime of false swearing committed in the course of a trial of a civil action in the Hickman circuit court. The plea was justification by asserting what was said was the truth. The answer also denied having maliciously and falsely spoken the words charged. The circuit court conceiving the traverse and the plea as incompatible required appellant to elect between them, which he did under protest, electing to stand on his plea of justification. The verdict and judgment were for the plaintiff.

One of the grounds urged by the defendant upon this appeal is the ruling of the court requiring the election. Conceding that that was error, still the court let in the whole of the occurrence as evidence before the jury, and as appellant on the trial admitted in his testimony that he did speak the words charged we fail to see how now the matter complained of could have prejudiced his case on the trial. The pleadings are for the court, not the jury. The latter hear such evidence as the court allows to go to them, and while one may have his case presented contrary to his rights on the issue made by the pleadings, which would have been different, but for some ruling of the court on the pleadings compelling an issue different from the one the complaining party desired and was entitled to, in a case such as this, no matter which issue the pleadings presented, it could not have affected the testimony. For not only is appellant admitting by pleading that he spoke the words charged, but in his testimony

affirmed it as being true, and in the whole course of his case attempted to prove it was true, there could have been but one issue submitted to the jury, to-wit, whether the spoken charge was in substance true. That is what the court did submit. The negation of the language of the petition coupled with the plea of justification, could have only put in issue the animus of the spoken words. All the circumstances were allowed in evidence, tending to mitigate damages.

It is insisted by appellant that the demurrer to the petition should have been sustained because the petition did not allege that the testimony in question had been given in a judicial proceeding or trial in court. An amended petition was filed before the trial containing this averment. Although the petition may have been bad, and the demurrer should have been sustained, the amendment cured the defect. The error, if one, was thereby also cured. Appellant could not have been misled, and was not, by the state of the pleadings in the preparation or presentation of his case to the jury.

Evidence was admitted that appellant on other occasions and even after the suit was filed, repeated the charge, or repeated it in substance coupled with opprobrious epithets upon the plaintiff. This is complained of as error. Repetition of a slander is allowed to be proved, not as evidence that words charged and sued for were spoken, not to permit a recovery for the subsequent statements, but as evidence of the animus of the defendant. Malice can be proved only by circumstances generally, and this character of evidence is receivable upon that score. (Register Newspaper Co. v. Worten, 111 S. W., 693.)

The plaintiff introduced evidence as to his previous reputation for truth and veracity in the community. It is objected that, as there was not an effort to impeach the plaintiff, this evidence was irrelevant. The thing sued for is the injury to the plaintiff's reputation. The words charged accused him of a crime which if true would seriously affect his reputation. It was, therefore, a relevant inquiry as to what his reputation was before the words were spoken of him. The purpose of the evidence was not to affect his credibility as a witness in the pending case, but was concerning a subject matter of the suit. The evidence was properly admitted.

Appellant then offered evidence of his own good char-

acter and reputation for veracity, which was rejected. The ruling was correct. Appellant's character was not at issue, was not a subject matter of the suit, and as he was not impeached by evidence of bad character, it was not competent for him to introduce evidence to support his general character, any more than it would have been in order to introduce such evidence in behalf of every other witness who testified in the case.

The court instructed that if appellee, while testifying as a witness in the other case "willfully stated or in substance gave evidence" (set forth as pleaded) "and that said statements, were materially false, and at the time plaintiff made them he knew they were false, the law is for the defendant." It is insisted for appellant that the jury should have been told instead if the plaintiff on the trial mentioned made statements which were false, the justification is well grounded if such statements were not in fact true. That is not the law. The crime of false swearing or perjury involves a willful, corrupt misstatement of a fact, which may be either that the witness willfully testifies to a fact as true which he knows to be untrue, or so testifies to a fact as being within his knowledge when he knows that it was not. It is the corrupt purpose of the witness in every instance that is the basis and an essential ingredient of the crime. In nearly every disputed case somebody is mistaken, misconceives or misrecollects. Innocent mistakes in evidence are not criminal, and constitute neither perjury nor false swearing. "The offense consists in swearing falsely and corruptly, without probable cause of belief, not in swearing rashly or inconsiderately, according to belief." (Wharton's Cr. Law, Sec. 1245; U. S. v. Passmore, 4 Dallas, 372.)

Perceiving no error in the record prejudicial to appellant's legal rights, the judgment is affirmed.