## Noble v. Southern States Mutual Life Insurance Company.

(Decided January 21, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Fourth Division).

1. Insurance, Life—Payment of Premiums—Pleading.—Where an insurance policy provides that after the first year it may be renewed as a whole life participating policy by the payment of certain premiums on certain specified dates in each year thereafter, and that failure to pay any premium when due will avoid the policy, the payment of premiums is a condition precedent, and necessary to keep the policy in force, and in an action on the policy it is necessary to allege payment of the premiums or some adequate excuse for non-payment.

2. Insurance, Life—Indisputable Clause—Interpretation.—A stipulation in an insurance policy providing that "after one year this policy shall be indisputable for the breach of any of the provisions hereof" means indisputable if the policy itself is in force, and does not include a provision avoiding the policy for non-payment of premiums.

GIBSON & CRAWFORD and CLARK VARNUM for appellant.

BURNETT, BATSON and CARY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On December 21, 1907, the Southern States Mutual Life Insurance Company issued to Conway W. Noble a policy insuring his life in favor of his wife, Ida E. Noble, for $5,000. Among the material provisions of the policy are the following:

"In consideration of the representations made in the application herefor and the sum of $113.75 first quarterly premium in advance and a like sum on the 21st day of March, June and September next hereafter, insures the

life of Conway W. Noble, of Cleveland, Cuyahoga County, State of Ohio (hereinafter called the insured), for the amount of $5,000, payable at the home office of the company in Charleston, West Virginia, less any indebtedness to the company and any unpaid portion of the full annual premium, immediately upon receipt of satisfactory proof of death of the insured during one year from the date hereof, to Ida E. Noble, wife of the insured or in the event of her prior death, then to the executor, administrator or assigns of the insured. This policy may be renewed at and after the expiration of the first year as a whole life participating policy, from that date for the same amount by the payment of $113.75 on the 21st day of March, June, September and December thereafter in each year.''

''Each premium is due and payable at the home office of the company in the city of Charleston, but premiums may be paid to an authorized agent of the company in exchange for the company's receipt signed by the president or secretary and countersigned by the agent.

''The unpaid portion of any year's premium, if any, will be deducted in any settlement of the policy.

''Failure to pay any premium, when due, will avoid this policy, and forfeit all premiums to the company, except as herein provided.''

''After one year this policy shall be indisputable for the breach of any of the provisions hereof:''

Conway W. Noble died December 15, 1910. Payment on the policy having been refused, this action was brought by the beneficiary, Ida E. Noble, to recover thereon. It is alleged in the petition that Conway W. Noble paid to the defendant in advance the sum of $113.75 provided in the policy, and a like sum in March, June and September next following the issuance of said policy, and at the expiration of the first year he renewed said policy as a whole life participating policy. A demurrer being sustained to the petition, plaintiff filed an amendment pleading in substance that her husband did pay to the defendant $113.75 in advance provided for in said policy, and a like sum in March, June and September next following the issuance of said policy, and that at the expiration of the first year in which said policy was in force plaintiff's intestate elected to continue said policy as a whole life policy by paying the quarterly

premium due in December, 1908, and March and June, 1909, respectively. A demurrer was sustained to the petition as amended, and plaintiff declined to plead further. Judgment was entered dismissing her petition. From that judgment this appeal is prosecuted.

It will be observed that neither the petition nor the amended petition alleges that the premiums due for December, 1909, and for March and June, 1910, were ever paid, or any fact from which payment on these occasions is necessarily implied. Nor is it shown that there was ever any waiver on the part of the company of the provision of the policy requiring the payment of such premiums. Moreover, it is not charged that the premiums already were sufficient to continue the policy in force.

For plaintiff it is insisted that the covenant on the part of the company to pay the policy and the covenant on the part of the insured to pay the premiums are independent, and that his mere agreement to pay the premiums after the first year, construed in the light of the actual payment of certain premiums, is sufficient to indicate an intention on his part to renew the policy as a whole life policy, and that being true it was not necessary to pay all the premiums due in order to keep the policy in force. In other words, it is argued that payment of premiums was not necessary to keep the policy alive, but that his mere agreement to pay was sufficient. This view, it is claimed, is strengthened by the stipulation of the policy providing that "after one year this policy shall be indisputable for the breach of any of the provisions hereof." In this connection we are cited to a number of authorities holding in cases of ordinary contract that if the promisor is willing to accept a promise in return for his promise and does not insist on the performance of the act or forbearance stipulated for, such promise is as lawful a consideration as the doing of the thing promised would have been. Page on Contracts, section 296; Kernan v. Carter, 31 Ky. L. R., 867; Stovall v. McCutcheon, 107 Ky., 577; Henderson v. Richards, 1 J. J. Mar., 490; Hutchings v. Moore, 4 Metc., 112; Payne v. Bettisworth, 2 A. K. Mar., 427. It is insisted that this principle is applicable to insurance policies because the very character of the contract is such that no duty to perform arises on the part of the insurer until the death of the insured, and immediately upon the arising of its obligation that of the insured ceases because

of his death and the completion of the contract on his part. That being true, it is insisted that for his promise to pay the premiums, or his payment of the premiums, the insured secures only the promise of the insurer to perform at some future time. While this position is maintained with great ability, we are unable to agree with the contentions of counsel. Fairly construed, the contract is not susceptible of such an interpretation. The contract provides for its renewal after the first year by the payment of the subsequent premiums, and not by an agreement on the part of the insured to pay these premiums. Indeed, the contract contains no agreement to pay. It is well settled that a contract of insurance is *sui generis.* While the insured, by an observance of its conditions, may hold the insurer to his contract, the latter has not the power or right to compel the insured to maintain the contract relation with it longer than he chooses. Whether the insured will continue or not is optional with him. There being no obligation to pay for the premiums, they did not constitute a debt. Roehner v. Knickerbocker Life Insurance Co., 63 N. Y., 167; Worthington v. Charter Oak Life Ins. Co., 41 Conn., 372, 92 Am. Rep., 495. Being under no obligation to pay the premium, it would be unreasonable to hold the company liable, when as a matter of fact he elected not to pay the premiums, and there was no way by which the company could compel payment. Furthermore, it must be remembered that an insurance company is dependent on the receipt of premiums for the money with which it conducts its business and pays its death losses. If the construction contended for should be adopted, the same rule would have to be applied to all policies of a like character. The company would be forced into the position where it would have but little, if any, means out of which to pay its death losses. Nor do we think that the provision of the policy to the effect that after one year it shall be indisputable for the breach of any of its conditions adds any force to plaintiff's position. Plaintiff insists that being susceptible of two constructions it should be given that construction favorable to the insured, and that as the policy provides that the failure to pay any premium when due will avoid the policy, and this is one of the provisions thereof, it is necessarily embraced by the provision in regard to incontestability. While it is ordinarily true that if the language of a

policy is capable of two interpretations that interpretation which is most favorable to the insured will be adopted, yet in view of the contract and the character of the insurance business, we are not disposed to adopt a construction that will have the effect of destroying the insurance business, or making it impossible for a company to comply with its contracts. Our conclusion is that the provision in regard to the policy being indisputable for a breach of any of its provisions applies only if the policy itself is in force. It does not apply to the nonpayment of premiums, which are absolutely necessary to keep the policy alive, and to enable the company to continue its business. On the contrary, it is perfectly manifest that the payment of premiums was a condition precedent to the continuance of the risk. Richardson v. Mutual Life Ins. Co. of Ky., 14 Ky. L. R., 187, 18 S. W., 165; Letzler's Admr. v. Pacific Mutual Life Ins. Co., 119 Ky., 924; Union Mutual Life Ins. Co., of Portland, Me. v. Adler (Ind., 1905), 73 N. E., 835. That being true, it was necessary for plaintiff to allege payment or some adequate excuse for nonpayment. Bogardus v. New York Life Ins. Co., 101 N. Y., 328; New York Life Ins. Co. v. Wilson, 17 Ky. L. R., 1316.

Judgment affirmed.