## Blake v. Clark, et al.

(Decided December 17, 1926.)

Appeal from Jefferson Circuit Court
(Common Pleas, Fourth Division).

1. Vendor and Purchaser—Where Vendor Repudiated Contract, it
   was Not Necessary for Purchasers to Allege Tender of Perform-
   ance.—Where petition alleged that vendor had repudiated contract
   and would not sell property, this was sufficient to dispense with
   necessity of alleging tender of performance by purchasers, in
   action for breach of contract.
2. Pleading—Failure to Allege Plaintiffs' Ability and Willingness to
   Perform, Where Evidence Proved it, was Cured by Answer, Ver-
   dict, and Judgment.—Where petition alleging defendant's breach
   of contract to sell property failed to allege that plaintiffs were
   able, ready, and willing to perform, and answer alleged that they
   were unable to perform, but their ability and willingness to per-
   form were shown by uncontradicted evidence, defect in petition
   was cured by answer, verdict, and judgment.
3. Principal and Agent—Vendor's Agent, if Also Purchasers' Agent
   to Negotiate Sale, had no Power to Rescind Sale Without Pur-
   chasers' Consent.—Vendor's agent in sale of property, if also agent
   of purchasers for purpose of negotiating sale, was special agent,
   whose authority ended when contract of sale was executed, and
   had no power to rescind sale on behalf of purchasers, without their
   consent or approval.

J. L. RICHARDSON and WM. G. DEARING for appellant.

HENRY J. TILFORD for appellees.

Opinion of the Court by Judge Clay—Affirming.

C. B. Blake, who was the owner of a house and lot
on the west side of First street in Louisville, listed it
for sale with R. J. Kinkead, a real estate agent. On
March 14, 1923, Mrs. Fannie Clark and her husband,
L. E. Clark, signed a written proposition addressed to
Mr. Kinkead by which they offered to give $9,350.00 for
the property. Of this sum $1,000.00 was to be paid in
cash upon delivery of the deed, while the subsequent
payments were to be arranged by the execution of cer-
tain mortgages. The proposition was accepted by Mr.
Blake on March 15, 1923. Four or five days later Blake
announced that he would not sell the Clarks the property,
and thereafter sold it to other parties.

This suit, which was brought to recover the difference between the market value of the property and the contract price, resulted in a verdict and judgment for plaintiffs in the sum of $500.00. Defendant appeals.

After setting out the contract the petition alleged that the defendant repudiated the contract and announced to plaintiffs that he would not be bound thereby or sell them the property. The first paragraph of the answer was a denial of certain allegations of the petition. In paragraph 2 defendant pleaded that after the contract was executed he learned that plaintiffs' were not able to perform their contract; that he thereafter called on plaintiffs, who stated that they were unable to carry out the contract, and it was then agreed that the contract should be cancelled. In paragraph 3 defendant pleaded that the contract was also rescinded by an additional contract which he entered into with R. J. Kinkead, who was the agent of both parties, by which he agreed to pay Kinkead $300.00 as compensation for his services in negotiating the sale, and that Kinkead agreed to return the contract of sale to defendant with the understanding that the contract had been fully and completely rescinded. The affirmative allegations of the answer were denied by a reply.

Ordinarily, of course, where the stipulations of the contract are concurrent, as where the deed is to be delivered on the payment of the price, an actual tender and demand by one party is necessary to put the other party in default. But the law does not require a useless ceremony, and no tender of performance on the part of the purchaser is necessary where the vendor has already announced that he will not carry out the contract. Harmon v. Thompson, 119 Ky. 528, 84 S. W. 569, 27 R. C. L. 462, 39 Cyc. 2089. As the petition in this case alleged that the defendant repudiated the contract and announced that he would not sell the property, this was sufficient to dispense with the necessity of alleging any tender of performance by the plaintiffs.

But it is insisted that the petition was defective in that it failed to allege that plaintiffs were able, ready and willing to perform. It must not be overlooked, however, that the answer did allege that plaintiffs were unable to perform, and that their ability and willingness to perform was shown by evidence that was uncontra-

dicted. In dealing with a similar question in Harmon v. Thompson, *supra,* we said:

"That appellee was able and willing and ready to convey the title as agreed on January 1, 1891, was a necessary allegation, because it was an essential fact. For, although his vendees were in default in failing to take the property, yet, to entitle him to recover damages, he must have owned the, property, and have been in position to have complied with his contract according to its terms. This defect in the petition is one of form. After verdict and judgment, it affirmatively appearing by the record that appellee was able, ready, and willing to comply with his part of the agreement within the time fixed by the contract, the defect in the pleading was cured. Duncan v. Brown, 15 B. Mon. 196; Rountree v. Hendrick's Admr., 1 B. Mon. 189; Hill v. Ragland, 114 Ky. 209, 70 S. W. 634."

For the same reason, we are constrained to hold that the defect in the petition was cured by the answer, verdict and judgment.

Another contention is that the court erred in failing to give the following instruction, which was offered by the defendant:

"1. The court instructs the jury that if they believe from the evidence that R. J. Kinkead was the agent of the plaintiffs, Fannie Clark and L. E. Clark, in the matters referred to in the record and with full power and authority to surrender the contract herein to the defendant, and did so surrender it or agreed to surrender same to him, then in that event said act of R. J. Kinkead, if any, so agreeing to surrender said contract to the defendant, amounted to a revocation thereof, and the law is for the defendant, and the jury should so find."

It appears that Mr. Kinkead was claiming a commission of $425.00 for his services in negotiating the sale, and that this claim was compromised by the following writing, signed on behalf of Kinkead by his attorney:

"Received of C. B. Blake $150.00 in cash, and note for $150.00, and it is agreed that in the event said note is paid, said payments shall be in full satis-

faction and discharge of all claims of R. J. Kinkead for real estate agent's commission.

"The sales contract shall be delivered to Mr. Blake when note is paid."

Appellant testified that he had a conversation with Mr. Kinkead, who said that if he would pay $300.00 the contract would be returned to him and the whole thing called off. The writing purports on its face to be a settlement only of Kinkead's claim for a commission. At the end is the following: "The sales contract shall be delivered to Mr. Blake when the note is paid." Even if Kinkead had agreed to deliver and had delivered the contract to appellant with the understanding that the whole thing would be called off, it would not have had the effect of releasing appellant's liability to the Clarks. Kinkead was appellant's agent, and not the agent of appellees. But, even if it be conceded that he was the agent of appellees for the purpose of negotiating the sale, he was a special agent whose authority ended when the contract of sale was executed, and had no power to rescind the sale on behalf of his principals without their consent or approval.

Judgment affirmed.