## Ward v. Rice, et al.

(Decided March 15, 1927.)

### Appeal from Bell Circuit Court.

1. Injunction—Petition to Enjoin Trespasses to Realty, which Failed to Identify Damaged Property, Held Demurrable.—Petition in action to enjoin trespasses to realty held demurrable, where damaged property could not be identified by description in petition.

2. Pleading—Defective Petition May be Cured by Answer Supplying Omitted Parts.—Petition which is defective may be cured by supplying omitted elements in answer.

3. Judgment—Attempted Justification of Trespasses Under Court Order Held Defective, Where Answer did Not Set Out Nature of Suit, Parties, or Determination Thereof.—In action to enjoin trespasses to realty, answer which attempted to justify under alleged court order without setting out nature of former suit or names of

parties thereto, issues joined, or final determination thereof, did not state justification.

4. Pleading—Denial of Alleged Trespasses, Based on Defendant's Right to Act Under Court Order, Held Not to Constitute Traverse.—In action to enjoin trespass to realty, denial of alleged trespasses in answer, based on right to act under court order, did not constitute traverse of trespasses alleged.

5. Pleading—Reply Constituting Conjunctive Denial of Answer Held Demurrable.—Reply which attempted to controvert conjunctively affirmative matter in answer held demurrable.

6. Dismissal and Nonsuit—Where Petition was Cured by Demurrable Answer, Dismissing Petition was Error; Both Should Have Been Required to Reform Pleadings.—Where defective pleadings was cured by answer to which demurrer should have been sustained, dismissing petition held error, as court should have required both parties to reform their pleadings.

E. N. INGRAM for appellant.

STEWART & STEWART for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS— Reversing.

In this equitable action to enjoin trespasses to realty the injured property cannot be identified by the description in the petition and the court erroneously overruled a demurrer to that pleading.

The answer cured the defect in the petition by identifying the property; it also justified defendant's conduct under an alleged order of the Pike circuit court directing the establishment of a road on the premises in question; but it does not set out the nature of the former suit, the names of the parties thereto, the issues joined or the final determination thereof, and is not good in that respect. It does contain a denial of all the alleged trespasses, but such denials are coupled with and based on defendants' right to act under the order named, and this does not constitute a traverse, hence that pleading stated no defense, but the court erroneously overruled a demurrer thereto. The reply attempted to controvert the affirmative matter of the answer, but this was done conjunctively and the court properly sustained a demurrer to it, but erroneously dismissed the petition. As the defect in that pleading had been cured by the answer, the court should have required both parties to reform their pleadings.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.