## Morgan v. Inter-Southern Life Insurance Company.

### (Decided October 28, 1927.)

### Appeal from Whitley Circuit Court.

1. Pleading.—Insufficiency of allegations of petition may be cured by answer.

2. Pleading—In action on life insurance policy, petition containing no allegation that any premium had been paid except one paid when policy was issued held sufficient, where insurer's answer set up as basis of its defense failure of insured to pay premium falling due September 22, 1924, since this was an implied admission that previous premiums had been paid, and supplied want of that allegation in petition.

3. Insurance.—In action on life insurance policy, where insured had failed to pay premium due September, 1923, and gave note and made payments on note which carried policy to May 22, 1925, question of insured's rights to extended insurance on May 22, 1925, was question of law to be determined by facts and contractual relation between parties.

4. Insurance.—Forfeitures of insurance policies are not favored and are never permitted unless right thereto is clearly established.

5. Insurance.—Under life insurance policy providing that, "if insured shall fail to pay any premium or any indebtedness when due, . . . company shall grant extended insurance," extension of insurance was to be dated from failure to pay, which was from May 22, 1925, when balance on note given for premium became due and was not paid, and not from date premium, for which note was given, became due.

6.  Insurance.—Rule that all doubts in regard to meaning of policy of
insurance must be solved against company should be strictly ap-
plied in case of life insurance after death of insured.

R. L. POPE and R. C. BROWNING for appellant.

TYE, SILER, GILLIS & SILER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Re-
versing.

Rosetta Morgan was unsuccessful in her efforts to
collect a policy of insurance on the life of her husband,
James D. Morgan, and prosecutes this appeal from the
judgment dismissing her petition.    On September 22,
1922, the Inter-Southern Life Insurance Company, here-
inafter referred to as the insurance company, executed
and delivered to James D. Morgan a policy of insurance
by which it undertook, in consideration of an application
made by Morgan, and an annual premium of $30.16 pay-
able on the 22nd day of September, to pay to Rosetta
Morgan, the wife of the insured, $1,000 upon proof of his
death.

Plaintiff in her petition pleaded the execution of this
policy, the death of Morgan on August 15, 1925, while
the policy was in full force and effect, the making of a
proof of loss and failure of the insurance company to
pay.

The insurance company filed two paragraphs of an-
swer.    The first paragraph was a categorical denial of
the petition.    In the second paragraph it admitted the
execution of the policy, and set out the provisions with
reference to the payment of premiums and extended in-
surance, then alleged on September 22, 1924, a premium
of $30.16 became due, which Morgan failed to pay, and in
lieu of which payment, executed the following note:

"Policy No. 115684.            September 22, 1924.

"On or before ninety days, after date without
grace, and waiving demand or notice, I promise to
pay to the order of the Inter-Southern Life Insur-
ance Company, twenty three and no/100 dollars at
home office, Louisville, Ky., with interest at the rate
of six per cent. per annum.

"This note is accepted by said company at the request of the maker, together with $7.16 in cash, on the following express terms and conditions:

"1.     That, although no part of the premium due on the 22d day of September, 1924, under policy No. 115684 issued by the Inter-Southern Life Insurance Company on the life of James D. Morgan has been paid, the insurance thereunder shall be continued in force until midnight of the due date of this note.

"2.     That if this note, with interest, is paid on or before the date it becomes due, or at the company's option, within ten days thereafter, such payment, together with said cash, will then be accepted by the company as payment of said premium, and all rights under said policy shall thereupon be the same as if said premium had been paid when due.

"3.     That, if this note is not paid on or before the date it becomes due, it shall thereupon automatically cease to be a claim against the maker, and the company shall retain said cash as part compensation for the privileges granted herein and for keeping said insurance in force to the due date of this note; and all rights under said policy shall be the same as if said cash had not been paid nor this agreement made.

"4.     That the company has duly given every notice required by law in respect to said premium, and in further consideration of the rights and privileges granted herein, the maker hereof does hereby waive every other notice in respect to said premium or this note; it being well understood by the maker hereof that the company would not have accepted this agreement if notice of any kind were required as a condition to the full enforcement of its terms.

"$23.00          J. D. MORGAN, Corbin, Ky."

It is admitted that at that time Morgan paid $7.16 and alleged that this note was not paid when it became due, but that on January 16, 1925, Morgan paid on the note $5.35, which was then credited thereon, and the note extended for another 90 days, or to March 22, 1925, and pleaded it then notified Morgan that this extension was granted without otherwise altering the terms of the note. Morgan again failed to pay in full, but on April 17, 1925, he paid $5.27, which was credited on the note, and the due

date of the note was extended to May 22, and the insurance company pleaded it immediately notified Morgan that this extension was made and was granted without otherwise altering the terms of the note. The insurance company alleged that this note became due on May 22, that the balance thereon was then $13, that same has never been paid, and no further extension of the note was ever made. The insurance company also admitted in this second paragraph of its answer that on September 22, 1924, Morgan was by the terms of this policy entitled to extended insurance for 242 days under the automatic nonforfeiture clause.

Mrs. Morgan demurred to this answer. Her demurrer was overruled. She then filed reply in three paragraphs. In the first paragraph she denied that these extensions were made without altering the terms of the note, and denied that Morgan was ever notified that the terms of the note had not been modified. In the second paragraph of her reply, she pleaded that the $7.16 paid on September 22, 1924, and the promissory note for $23 then executed represented the premium of $30.16 then due, and that by accepting payment thereon, of $5.35, on the 16th of January, 1925, and $5.27 on the 17th of April, 1925, after the maturity of the note, and by the retention of the note and receiving these two partial payments thereon, the insurance company had waived its right to cancel the policy on December 22, 1924, as provided in the note.

In the third paragraph of her reply, she alleged that, in addition to the 242 days of extended insurance to which the insurance company admitted Morgan was entitled, he was also entitled by reason of the three cash payments on the note of $7.16, $5.35 and $5.27, to an additional 205 days of extended insurance, or a total of 447 days. Further, that it was not intended that this extended insurance would run concurrently with the time for which Morgan had paid his partial premium, but should begin at the end of said period or May 22, 1925. To this reply, the insurance company filed a demurrer which was sustained. Mrs. Morgan declined to plead further, and the judgment dismissing her petition followed.

The first contention of these parties is directed to the sufficiency of the petition, which did not contain any allegation that any premium had been paid except one paid when the policy was issued. It is insisted that the

allegation that Morgan died while the policy was in full force and effect is merely a conclusion of the pleader, and is insufficient. Reliance is had upon the case of Noble v. Southern States Mutual Life Ins. Co., 157 Ky. 46, 162 S. W. 528, where we said: ''It was necessary for plaintiff to allege payment or some adequate excuse for nonpayment.'' Mrs. Morgan in her reply had alleged these things, but the insurance company cites the case of Hodge Tobacco Co. v. Sexton, 166 Ky. 219, 179 S. W. 36, wherein we said:

> ''A plaintiff cannot maintain a cause of action and seek a recovery of one made a defendant by stating a cause of action and seeking a recovery from such person in a reply. According to the provisions of the Civil Code, the plaintiff must necessarily seek a recovery in his petition, or by an amended petition.''

This petition is perhaps not in the best form, but no demurrer was filed to it, and we have often held that a petition can be cured by an answer, and, when the insurance company answered, it set up as the basis of its defense the failure of Morgan to pay the premium of $30.16 which fell due on September 22, 1924. This was an implied admission that the premium due in September, 1923, had been paid, and supplied the want of that allegation in the petition. Nothing can be gained by an extended discussion of the court's ruling in sustaining the demurrer to the reply and overruling the demurrer to the answer. The parties by these pleadings have established the issue of the policy; payment of the premium due in September, 1923; the failure to pay the entire premium due in September, 1924; the payment of $7.16 in cash; the giving of a note for $23 for the balance; the payment of $5.35 and $5.27 on that note; the failure to pay the balance of $13 that came due on May 22, 1925; the death of Morgan on August 15, 1925; the right of Morgan to 242 days of extended insurance on September 22, 1924, without paying a cent or doing a thing; that he did not then avail himself thereof, but made three cash payments on this premium; and that these payments carried the policy to May 22, 1925. With these things admitted, there is left but one question, and that is, What were Morgan's rights on May 22, 1925? This is a question

of law, to be determined by these facts and the contractual relation between the parties.

The insurance company contends this extension of 242 days is to be computed from September 22, 1924, while Mrs. Morgan insists it should be computed from May 22, 1925. In the third clause of the note it is provided:

"If this note is not paid on or before the date it became due . . . all rights under this policy shall be the same as if said cash had not been paid nor this agreement made."

Forfeitures are not favored, and are never permitted unless right thereto is clearly established. By these cash payments Morgan kept this policy alive to May 22, 1925. The policy provided that:

"If insured shall fail to pay any premium or any indebtedness when due. . . . . the company shall grant the extended insurance," etc.

That means the extension is to be dated from the failure to pay—in this case, from May 22, 1925. No reasonable construction of this note would date the beginning of such extended insurance from another time, but, if the two constructions of this note were equally reasonable, then the construction most favorable to the insured would be accepted.

"The rule that all doubts in regard to the meaning of a policy of insurance must be solved against the company should be strictly applied in the case of life insurance after the death of insured." 37 C. J. 408; Newark Mut. Benefit Life Ins. Co. v. Louisville First National Bank, 69 S. W. 1, 24 Ky. Law Rep. 580.

Having reached this conclusion, it is not necessary for us to determine the question of Morgan's rights to 205 days of additional extended insurance for which Mrs. Morgan is asking, as this 242 days of extended insurance, when computed from May 22, 1925, will be sufficient to carry the insurance beyond the date of Morgan's death. Mrs. Morgan was entitled to a judgment on the face of the papers. The court erred in dismissing her petition.

The judgment is therefore reversed, and the cause remanded for proceedings consistent with this opinion.