## BANKERS' LIFE CO. v. BURNS.

Circuit Court of Appeals, Fifth Circuit.
January 22, 1929.

Rehearing Denied February 19, 1929.

No. 5335.

Foster, Circuit Judge, dissenting.

Charles L. Black and Ireland Graves, both of Austin, Tex., for appellant.

James H. Hart, of Austin, Tex. (W. C. Wofford, of Taylor, Tex., and Hart, Patterson & Hart, of Austin, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The beneficiary of an insurance policy brought suit upon it, and recovered judgment. This appeal is taken by the insurance company on the ground that the policy had lapsed before the death of the insured.

The premiums on the policy were payable annually, and were paid up to November 25, 1923. The premium due on the last-mentioned date was not paid, but the policy had a cash surrender value of $58.09, which was sufficient to pay for extended insurance for one year and 73 days. By several extension agreements the time for payment of the premium in default was extended until September 25, 1924, upon the following terms and conditions: If the difference between the deposit the insured was required to make and the amount of the annual premium, with interest, should be paid on or before the extended date, the policy should be continued as if the premium had been paid when due; but if such payment should not be made within the extended period, without demand or notice, the insurance company should retain out of the amount deposited an amount equal to 75 cents per thousand dollars of insurance for each month of extension beyond the grace period as compensation for the privilege of extension and repay the balance to the insured, and "after such extended date all rights under the policy shall be the same as if this agreement and deposit had not been made, except that the time for electing any option upon lapse granted by the policy shall begin to run from the extended date and not from the due date of the premium." Under the terms of the policy, in the event of default in the payment of the premium in question, the insured had the right at his option

to receive the surrender value in cash, or a paid-up policy, or extended insurance. If he failed to make an election, it was provided that the insurance would be automatically extended from the date of default for such period of time as would be paid for by the cash surrender value. The insured did not elect to receive the cash surrender value or a paid-up policy, and having failed to pay the premium, either on the due date thereof or within the extended period, the insurance company on December 12, 1924, placed an indorsement on the policy to the effect that it was continued until January 6, 1925, as extended insurance. The insured died on April 13, 1925. It therefore appears that the policy had lapsed if the extended insurance began to run from the due date of the unpaid premium, but was still in force if, as contended by appellant and held by the district judge, the period of extended insurance ought to be calculated from the expiration date of the last extension agreement.

The policy fixed the due date of the unpaid premium as the beginning of the period of extended insurance. The later expiration date of the extension agreement was not substituted, for the reason that the insured failed to pay the premium within the extended period, or at all. Upon such failure the rights of the insured related back to the due date of the unpaid premium in accordance with the clear provisions of the extension agreement. The only right saved to the insured was the right, at his option, to elect whether he would take cash surrender value, a paid-up policy, or extended insurance. The time of making this election was postponed so as to begin to run from the extended date instead of from the due date of the premium. The insured was not to be cut off from making such election by reason of being granted additional time to pay the annual premium. White v. New York Life Ins. Co., 200 Mass. 510, 86 N. E. 928; Underwood v. Jefferson Standard Life Ins. Co., 177 N. C. 327, 98 S. E. 832. The only case which seems to announce a different rule is that of Morgan v. Inter-Southern Life Ins. Co., 221 Ky. 582, 299 S. W. 186. An extension contract slightly different from the one here involved was under consideration, in that the payments by the insured were not only to be retained by the insurance company for the privilege of paying the premium, but also as compensation for keeping the insurance in force. In the instant case the extension agreement merely moved forward conditionally the time for payment of the premium; it did not extend the premium itself. Upon default of the insured, the rights of the parties were the same as if no extension agreement had been made, except that the insured still had the right to elect between the options granted by the policy. To hold that this exception clause moved forward unconditionally the commencement date of the extended insurance would be to give to it the effect of nullifying the main provision of the extension agreement. A result of the construction contended for by appellee would be the extension of insurance beyond the period that was paid for by the cash surrender value of the policy. It is clear that neither the policy nor the extension agreement provided for free insurance. It follows that the insurance was extended for such time as was provided by the policy, and expired before the death of the insured.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

FOSTER, Circuit Judge, dissents.