# Breeding v. Napier.

(Decided June 14, 1929.)

C. A. NOBLE for appellant.

FAULKNER & FAULKNER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is a suit for slander in which the appellant, who was the plaintiff below, seeks to recover the sum of $15,-000 from the appellee, C. W. Napier, who is alleged to have said of, and concerning, the plaintiff, in the presence of a number of persons, that he, the plaintiff, was a lie-swearing s—— of a b——. The alleged slanderous statement was made at the taking of depositions in an election contest case in which the defendant's brother was the contestee, and, at the time it was made, the deposition of appellant was being taken and he was being examined by the attorney for the contestant. In his answer the defendant denied that he falsely or maliciously spoke of, or concerning, the plaintiff, the words alleged in the petition, but he admitted that he did say in the presence of the plaintiff and the other persons present at the taking of the depositions, "It is an awful thing for a man to swear a G—— d—— s—— of a b—— lie," and relied on the truth of the words spoken as a defense. Upon the trial of the case, the court sustained defendant's motion for a directed verdict at the conclusion of the plaintiff's evidence, and the plaintiff has appealed.

Defendant first insists that this ruling of the court was proper since the petition failed to allege that the words were spoken of, or concerning, the plaintiff while he was testifying under oath in a judicial proceeding. The words were not laid with a colloquium concerning a judicial proceeding, but in his answer the defendant affirmatively alleged that at the time and on the occasion mentioned in the petition, the plaintiff was giving his deposition in the case of Mrs. Filmore McIntosh v. Price Napier, which case was then pending in the Perry circuit court. The plaintiff in his reply admitted that these averments of the answer were true. The petition was defective, but was cured by the subsequent pleadings. Metropolitan Life Insurance Co. v. Stanley, 224 Ky. 529, 6 S. W. (2d) 682; Morgan v. Inter-Southern Life Insurance Co., 221 Ky. 582, 299 S. W. 186; Ward v. Rice, 218 Ky. 805, 292 S. W. 508; Blake v. Clark, 217 Ky. 340, 289 S. W. 287; Lobacco Co. v. Chaffin, 193 Ky. 225, 235 S. W. 993.

It seems that the trial court sustained defendant's motion for a directed verdict on the theory that the occasion on which the alleged statement was made was privileged. In Smith v. Mustain, 210 Ky. 445, 276 S. W. 154, 44 A. L. R. 386, Mustain was a witness for the commonwealth in a bastardy proceeding against Smith. The commonwealth's attorney, while making the closing argument to the jury, in referring to the testimony of Mustain, turned to Smith's attorney and said: "You said that Gordon Mustain would not swear it but he did." Smith blurted out: "When he swore it, he swore a lie." Mustain brought suit against Smith for slander and obtained a judgment. In reversing the judgment it was held that the statement was pertinent, material, and relevant to the issue, and that, since Smith was a party to the suit, the statement was privileged under the circumstances.

The facts in that case, however, are distinguishable from the facts here. There Smith had the right to act as his own counsel and could have made the statement complained of in an argument to the jury, which, in effect, he did. Here the case was not being argued nor was the occasion a proper one on which to make comments on the testimony of the witness whose deposition was then being taken. It was a statement volunteered by an attorney not then examining the witness and which had no bearing on the issue. A case in which the facts are very

similar to the facts in the instant case is Morgan v. Booth, 13 Bush, 480. Booth was sworn as a witness to testify in an action between the commonwealth and Morgan then pending before a justice of the peace. While he was testifying Morgan remarked: "Your testimony is false, and you know nothing about this case, and you would not so testify if you were not my bitter enemy." It was held that these words were not pertinent and material to the matter in controversy, and in the course of the opinion it was said:

"According to the well-established rules of construction, this answer in effect admits the speaking of the words complained of, and sets up and relies on the time and circumstances attending the speaking to show that they were privileged, and therefore not the subject of an action for slander. It is essentially a plea in confession and avoidance. A party to a judicial proceeding may, by himself or counsel, write or say anything of and concerning the case, or of a witness who testifies in the case, that is pertinent and material to the matter in controversy, and he can not be held to answer for scandalous words, unless, under the pretense of pleading his cause, he designedly wanders from the point in question, and maliciously heaps slander upon the party whose conduct or evidence is under consideration; and so long as it can be said that such party confines himself to that which is pertinent and material, he is under no obligation to show that his words are absolutely true; and can not be made to answer for maliciously saying that which the law permits him to say."

Also, see Dedway v. Powell, 4 Bush, 77, 96 Am. Dec. 283, and Stewart v. Hall, 83 Ky. 376.

Under the circumstances we are constrained to the view that the words alleged to have been spoken by the defendant were not privileged.

The plaintiff offered to introduce testimony tending to show that the defendant had on other occasions repeated the alleged slanderous statement, and also to show that at the time the statement complained of was made the defendant drew a pistol. The trial court sustained an objection to this offered testimony. This was error, since it would tend to show actual malice on the part of the defendant. Sally v. Brown, 220 Ky. 576, 295 S. W.

890; 17 R. C. L. 410. As said in Johnson v. Featherstone, 141 Ky. 793, 133 S. W. 753: "Repetition of a slander is allowed to be proved, not as evidence that words charged and sued for were spoken, not to permit a recovery for the subsequent statements, but as evidence of the animus of the defendant. Malice can be proved only by circumstances generally, and this character of evidence is receivable upon that score. Register Newspaper Co. v. Worten, 111 S. W. 693, 33 (Ky. Law) Rep. 840."

Therefore the judgment is reversed for further proceedings consistent herewith.