## People's Store et al. v. Ledford.
### (Decided Nov. 24, 1933.)

J. J. TYE and TUGGLE & TUGGLE for appellants.
H. H. OWENS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The appellants, whom we shall call the defendants, are complaining of a $500 judgment. This case is much like the cases of F. S. Marshall Co. v. Brashear, 238 Ky. 157, 37 S. W. (2d) 15, and W. T. Grant Co. v. Taylor, 223 Ky. 812, 4 S. W. (2d) 741. All three were suspected cases of shoplifting from shops conducted on the same general plan, and followed by very natural but rather unfortunate procedure upon the part of the shop-keepers.

In this case the plaintiff was suspected of lifting a pair of stockings. Mr. Cawn, one of the defendants, followed the plaintiff back to where her husband was and testified he said to him: "This lady got a pair of hose—only 19c, I wish you would pay for them." The husband refused to do so. Cawn called an officer and told him the same and asked the officer to search her. He refused to do anything in the absence of a warrant, whereupon it is admitted Cawn searched her hand bag. The evidence for the plaintiff paints a rather lurid picture of slanderous accusation of theft, followed by an assault, rough handling, personal search, and detention of plaintiff until the officer came.

Plaintiff in this action asked judgment for $1,000 for slander, $1,000 for assualt and battery, $1,000 for false arrest, and $1,000 for illegal search. No objection was made to the joinder of these claims and all of them were traversed by answer. The court directed the jury to find for the defendant upon the last two claims, and submitted the first two under instructions of which defendants do not here complain. The jury returned a verdict of $500 for assault.

Defendants claim the court erroneously allowed the plaintiff to introduce, in chief, evidence of her good reputation, before any attack had been made thereon. That was not error, at that stage of the proceedings, for plaintiff had joined four causes of action, she was then endeavoring to establish all of them, and one of them was slander. This evidence was admissible upon her claim of slander. See Williams v. Greenwade, 33 Ky. (3 Dana) 432, where this court said:

"As injury to character is the gravamen of slander, goodness of character may be proved in aggrava-

tion, as badness of character may be shown in mitigation, of damages, in an action of slander.''

See, also Johnson v. Featherstone, 141 Ky. 793, 133 S. W. 753; Smith v. Lovelace, 62 Ky. (1 Duv.) 215; Denny v. Miller, 8 Ky. Opin. 144; Williams v. Haig, 3 Rich (S. C.) 362, 45 Am. Dec. 774, where the reason for the rule is given; Adams v. Lawson, 17 Grat. (Va.) 250, 94 Am. Dec. 455; Bennett v. Hyde, 6 Conn. 24; Shroyer v. Miller, 3 W. Va. 158; Sample v. Wynn, 44 N. C. 319; and Sheriff v. Cartee, 121 S. C. 143, 113 S. E. 579.

They also complain of certain clap-trap resorted to by plaintiff's counsel in his closing argument. They made timely objection to this, the court overruled their objection, they excepted, and this is all embodied in the bill of exceptions.

What was said is by no means to be commended, but to be reversible error it must have had upon the jury some effect that was reflected in the verdict, and when we consider this verdict and those returned in the two cases first cited, we do not find it to be excessive, and it is evident the jury's appraisement of what was said is the same as ours.

The plaintiff is complaining of the refusal of the court to submit the claim of false arrest and illegal search, and of alleged errors in admitting and rejecting evidence. The plaintiff's motion for a new trial does not appear to have been acted on by the court, she has not sought a cross-appeal, and her motion for a new trial must be treated as abandoned.

Judgment affirmed.