Peaeson, J.
 

 The only question is the construction of the contract, and we are to take the terms as stated by the witness. His Honor was of opinion that the legal effect was a payment of the bond sued on. We have come to a different conclusion.
 

 At common law a bond could not be discharged except by an instrument under seal,
 
 eo ligamine quo ligatur.
 

 The statute of Ann allows the plea of “ payment.” Payment may be made either in money, or in money’s worth ; but to amount to a payment, the thing must be done, the money must be paid, or the thing taken as money must be passed so as presently to become the property of the other party. A promise or undertaking to pay either in money or other thing, is not a payment ; the contract is executory, whereas payment is executed, a thing done.
 

 When the plaintiff borrowed of the defendant the $200 worth of notes, the contract was, that he was to return the amount so borrowed in notes, and
 
 “
 
 the bond now sued on was to be one of th em. ” It is not stated what credit was given, winder a month, six months, or a year ; but as a matter of
 
 cmxsefmfs¿^Sf^s
 
 some credit. This is a necessary implication yáíSffftJhe nátureVof the transaction ; for why borrow notes, if tMulfSmtiff had^Mickiime other notes, and was then and there resferto rqga^ytAsuch notes? Say the credit was five days, the contracMj^Oexec utomyakd/the effect of it is, that the defendant relied i>n tih^iSraís epr the plaintiff to repay at a future day in others nMes, of winch the bond now sued on was to be one. No differeSSeTkmacle between the bond and the other notes. If the understanding was that the bond was to b.e handed over presently as part payment, why is it
 
 *338
 
 left on the same footing with the other notes in which the repayment was to be made ? The bond was then due, why was it not handed over at the time ? or, if the plaintiff did not have it with him, why was it not understood that it should be considered as then paid over, and be handed to the defendant as soon as convenient? According to the terms of the agreement, the bond was put on the same footing with the other notes, and there is no more reason for saying the contract was executed in regard to it, so as to amount to a payment, than there is for saying the same in regard to the other notes.
 

 If there had been any doubt as to the terms of the agreement, it would have been proper to leave the question to the jury, with the necessary instructions
 
 ;
 
 but the evidence as set forth in the record left no question of fact open
 
 ;
 
 and we agree witii his Hon- or that it was his duty to put a construction on the agreement, the terms being fixed by the evidence. Questions of construction are to be decided by the Court ; and it makes no difference whether the agreement is written or verbal.
 
 Festerman
 
 v.
 
 Parker,
 
 10 Ire. 474;
 
 Young
 
 v.
 
 Jeffreys,
 
 4 Dev. & Bat. 216.
 

 Per Curiam. Nonsuit set aside, and
 
 venire de novo
 
 awarded.