## Davis, Agent, Etc. v. Antol.

(Decided May 20, 1924.)

### Appeal From Harlan Circuit Court.

1. Railroads—Evidence of Population of Contiguous Towns Admissible on Question of Care.—Testimony as to population of two towns practically contiguous to point on track where person struck was admissible in determining extent of use of tracks by public, and whether company was under duty of anticipating presence of persons there.
2. Railroads—Evidence of Public Use of Track on Sundays Held Admissible.—Where plaintiff was struck on railroad track on Sunday, evidence that the use of the track by the public on Sunday was greater than on other days was admissible.
3. Evidence—Paper Signed by Mark Admitted by Party Admissible in Evidence.—When party admitted making his mark to a paper, effect was same as if he had admitted signing it, and it should have been admitted in evidence subject to explanation.
4. Evidence—Witnesses—Paper Signed by Plaintiff Suing Railroad for Injuries Held Admissible as Admission and for Impeachment.—In action for injuries on railroad track, a written statement signed

by mark by plaintiff to effect that he sat down on end of ties was admissible as an admission against interest and for purpose of impeachment.

5.  Railroads—Care Required as to Trespasser and Pedestrian Stooping on Track.—One who sits or lies down on a railroad track, even at a place where presence of persons should be anticipated, is a mere trespasser, to whom no duty is owing except to use ordinary care to avoid injuring him after his peril is discovered, but this rule does not extend to a pedestrian using a railroad track as a walkway, who merely stoops over to find something he has lost.

6.  Trial—Court should Eliminate Objectionable Features of Instruction and Give Correct Instruction.—Where defendant railroad requested instruction that, if plaintiff was sitting, lying, or stooping over track at time he was struck, law was for defendant, court should have eliminated the objectionable feature as to stooping over track, and have given a correct instruction.

F. F. ACREE, WOODWARD & WARFIELD and LOW & BRYANT for appellant.

TAYLOR & TAYLOR, J. S. FORESTER and G. G. RAWLINGS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment for $3,000.00 for personal injuries.

According to appellee, he had been to Lynch to visit a friend and was on his way back to Benham. Finding that he had lost his pipe, he turned back. When he reached a point about sixty yards above the coke ovens of the Wisconsin Steel Company, he heard a train which had approached without warning. As he turned toward the train, it struck him and knocked him off the track causing an injury which necessitated the amputation of his arm.

We have carefully examined the record, and have reached the conclusion that the evidence was sufficient to make it a question for the jury whether the railroad tracks at the place of the accident were habitually used by the public in such large numbers as to impose on the company the duty of anticipating their presence there and of taking precautionary measures for their protection.

The court did not err in permitting the witnesses to give the population of Lynch and Benham. The two towns are practically contiguous, and the number of

people residing in the vicinity is always important in determining the extent of the use of the tracks by the public. As the accident happened on Sunday, it was proper to permit the witnesses to state that the use of the track by the public on Sunday was greater than on other days.

While appellee was on the stand, he was shown a written statement to which he had fixed his mark in the presence of Alexander Szabo, H. L. Bryant and Dr. W. E. Riley. In this statement he said: "A friend was with me and he stopped and I walked on down the track, and down below the coke ovens I sat down on the ends of the ties to wait for my friends, and I was smoking. I don't know whether I was asleep or awake, and the first thing I knew was that the train struck me." Appellee admitted that he made the mark, but claimed that that was all that he knew about it, and that he did not make to the interpreter the statements contained in the writing. After he admitted signing the paper by making his mark, appellant offered the paper in evidence, but an objection to its admission was sustained. This was error. When appellee admitted making his mark to the paper, the effect was the same as if he had admitted signing his name to the paper, and the paper should have been admitted in evidence, subject to any explanation that he cared to make. Furthermore, as the paper contained a statement to the effect that appellee was sitting on the ends of the ties at the time of the accident, which was an admission against interest, it was admissible not only for the purpose of impeachment, but as substantive evidence.

Aside from the statement in the paper that appellee was sitting down when the accident occurred, the testimony of the engineer was to the same effect. In view of this evidence, appellant offered the following instruction which the court refused to give:

"The court instructs the jury that if the plaintiff was sitting, lying or stooped on or over the track at the time he was struck by the train, and his danger was not discovered by the engineer or by those in charge of the train in time to have stopped the train and avoid the injury, the law is for the defendant and the jury should so find."

It is the settled rule in this state that one who sits or lies down on a railroad track, even though at a place where the presence of persons should be anticipated, is

a mere trespasser to whom no duty is owing except to use ordinary care to avoid injuring him after his peril is discovered. Bevin's Admr. v. C. & O. Ry. Co., 190 Ky. 501, 227 S. W. 794; Cornett's Admr. v. L. & N. R. R. Co., 181 Ky. 132, 223 S. W. 1054. We are not prepared, however, to extend the rule to a case where the pedestrian who is actually using the railroad track as a walkway merely stoops over to find something which he has lost. For this reason the offered instruction was incorrect, but following our practice, the court should have eliminated the objectionable features and have given a correct instruction on the subject. Western Union Telegraph Co. v. Sisson, 155 Ky. 624, 160 S. W. 168. There was no evidence that the injury could have been avoided by the exercise of ordinary care after appellee's peril was discovered, and if, upon another trial, the evidence be substantially the same, the court will give the following instruction in lieu of the offered instruction: If you believe from the evidence that plaintiff on the occasion in question was sitting or lying on the track or ties, and did not arise until the engine was about to strike him, you will find for defendant.

Though instruction No. 1 has been approved in certain cases, it is the better practice to make the precautionary duties depend on whether the track at the place of the accident was habitually used by the public in such large numbers that the presence of persons on the track should be anticipated, rather than on its habitual use by the public without regard to their number. Cornett's Admr. v. L. & N. R. R. Co., *supra*,

Judgment reversed and cause remanded for a new trial consistent with this opinion.