# Davis, Agent, et al. v. Antol.

(Decided December 18, 1925.)

## Appeal from Harlan Circuit Court.

1.   Appeal and Error—Refusal to Permit Plaintiff to be Impeached Held Prejudicial.—Where plaintiff's case for injuries on railroad track depended on his position just before and at time he was struck, and his evidence at former trial that he was on end of the ties was inconsistent with evidence at instant trial that he was on the ground, near the ties, error in refusal to permit him to be impeached was prejudicial, in view of fact that he was sole witness in his own behalf, and excluded evidence affected his credibility.

2.   Evidence—Permitting Plaintiff to Exhibit Stub of Arm Not Erroneous.—In action for injuries on railroad track, it was not error to permit plaintiff to exhibit to jury the stub of his arm that had been injured and amputated.

3.   Trial—Stating to Jury that Engineer, when he saw Plaintiff should have Blown Whistle, Held Not Improper Conduct.—In action for injuries on railroad track, where, if circumstances were as described by plaintiff's witness, engineer was under duty to give reasonable warning of approach of train, plaintiff's counsel was not guilty of improper conduct in stating to jury, when the engineer saw plaintiff, he should have blown his whistle.

4.   Railroads—Liability for Injuries During Federal Control Depends on Negligence.—Case of injuries on railroad tracks during federal control turns on question of negligence, and not on any duty owing plaintiff by the government.

ASHBY M. WARREN, WOODWARD, WARFIELD & HOBSON, ADKINSEN & BAKER and LOW & BRYANT for appellant.

G. G. RAWLINGS and J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is the second appeal of this case. The opinion on the former appeal may be found in 203 Ky. 273, 262 S. W. 278, under the same title.

As the judgment must be reversed on another ground, we need not inquire as to the propriety of the court's action in refusing a continuance.

The principal ground urged for reversal is that the court erred in refusing to permit appellant to show from the transcript of evidence on the first trial that appellee

materially changed his testimony on the last trial. On the last trial appellee testified as follows:

Q. 116. Where were you at the time this accident happened? A. Above the coke ovens; the engine throwed me aside when I was hurt.

"Q. 117. What part of the track were you on at that time?

"The witness added: It pushed me aside when I was hurt. I was looking for my pipe between the ties when the train came; I turned around and my right arm was hurt.

"Q. 118. Were you between the rails of the track or were you on the ends of the ties outside of the rails? A. On the outside of the ties.

"Q. 119. Were you on the ties or on the ground by the side of the ties? A. At the end of the ties; at the end.

"Q. 120. Were you on the ties, or on the ground? A. On the ground, right near the ties.

"Q. 121. Which side of the track were you on at that time; the one next to the creek or the one on the other side? A. Not on the creek side, on the other side.

"Q. 122. I will ask you if on a former trial of this case you were asked this question (page 11, Q. 27): 'Were you between the rails or were you on the end of the ties at the side of the track?' and did you not give as an answer to this question: 'On the edge of the ties?'

"J. S. Forester: We object; that is just what he has said now.

"Mr. Bryant: He says now he was on the ground.

"J. S. Forester: No, he doesn't.

"Witness: At the time I was looking for the pipe I was on the edge of the ties, but as I was looking for it I was on the ground also looking for the pipe.

"Mr. Bryant: Judge, I asked him if he made that statement on a former trial. I want him to say yes or no.

"The court sustained the objection of the plaintiff and did not permit the witness to answer on the ground that that does not contradict the witness.

"To the ruling of the court the defendant excepts and avows that the witness if permitted to

answer would truthfully state that that question was asked and that answer given as it appears on page 11, question 27, of the bill of evidence on the former trial of this case.

"Q. 123. Had you been smoking your pipe when you lost it that night? A. Yes, I was smoking the pipe, when the pipe fell out of my mouth."

On his first trial appellee testified as follows:

"Q. 27. Show the jury your position just before and at the time the train struck you. A. (Witness stoops over half way). I was looking for my pipe, with one elbow on my knee—left elbow on my knee and right arm hanging.

"Q. 27. Were you between the rails or were you on the end of the ties at the side of the track? A. On the edge of the ties.

"Q. 28. Were you standing or sitting on a tie or where were you standing, stooping or sitting—on the ground at the end of the tie? A. Just stooping over looking for my pipe.

"Q. 29. Were you on the end of the tie or on the ground. A. On the end of the tie."

In support of the ruling of the trial court it is argued not only that the inquiry related to a collateral issue, but that there was no inconsistency between the evidence given on the two trials. As appellee's case depended on his position just before and at the time he was struck, it is at once apparent that the inquiry on each trial related to a material and not to a collateral issue. Therefore, the only question to be determined is whether or not the two statements are inconsistent. It will be observed that on the last trial appellee was asked, "Were you on the ties or on the ground?" and answered, "On the ground, right near the ties," but that on the first trial in answer to the question, "Were you on the end of the tie or on the ground?" he answered, "On the end of the tie." Therefore, the case is one where appellee made substantially different answers to practically the same question, and the inconsistency plainly appears.

It follows that the court erred in refusing to permit the witness to be impeached. It is equally clear that the error was prejudical in view of the fact that appellee was the sole witness in his own behalf as to what occurred

at the time of his injury, and the excluded evidence had an important bearing on his credibility.

The court did not err in permitting appellee to exhibit to the jury the stub of his arm that had been injured and amputated. This is not a death case where the suffering of the deceased and the extent of his injuries play no part, but is a case where the party suing survived his injuries, and the extent of his injuries and the consequent suffering and permanent reduction of his power to earn money were directly in issue. To enable the jury to pass intelligently on these questions there was no better or more appropriate evidence than the injured arm itself.

Counsel for appellee was not guilty of improper conduct in stating to the jury, "When the engineer saw this man he should have blown his whistle." If the circumstances were such as described by the witnesses for appellee, the engineer was under the duty to give reasonable warning of the approach of the train, and the statement was authorized both by the evidence and the instructions given by the court.

On another trial counsel will refrain from any allusion to the fact that the United States government paid its soldiers who were injured during the World War, as appellee's case turns on the question of negligence, and not on any duty owing him by the government.

Judgment reversed and cause remanded for a new trial consistent with this opinion.

Whole court sitting.