## Begley, et al. v. Allen.

(Decided December 17, 1926.)

### Appeal from Floyd Circuit Court.

1. Appeal and Error—Circuit Judge's Finding of Fact Will Not be Disturbed, Where Evidence Leaves Truth in Doubt.—Court of Appeals will give some weight to findings of circuit judge, not disturbing his finding on question of fact, where mind is left in doubt as to truth on all evidence.

2.  Evidence—Recollection as to Date is Not as Convincing as Testi-
mony Fixing Time by Established Data.—Mere recollection of
witness, as to particular year in which thing was done, is not of
as great weight as testimony of witness fixing year by some estab-
lished data.

3.  Waters and Water Courses—Evidence, in Action to Recover Land,
Held to Indicate Straightening of Creek Occurred Soon, After De-
fendant Moved on Land.—In action for recovery of tract of land,
cut off by changing of creek after straightening, evidence held to
indicate that such straightening occurred soon after defendant
moved on land bordering on creek, and thus finding of circuit
court could not be held against weight of evidence.

4.  Pleading—Answer Alleging Ownership and Adverse Possession
for 30 Years Held Sufficient to Raise Issue of Adverse Posses-
sion After Judgment.—Answer of defendant to action for recovery
of land, alleging adverse, uninterrupted possession for over 30
years, held sufficient to raise issue of adverse possession, especi-
ally after judgment.

5.  Waters and Water Courses—Boundary Follows Channel of Stream
Shifting Gradually.—Where channel of stream shifts gradually,
boundary follows stream, ruling being otherwise when there is
sudden change.

C. B. WHEELER for appellants.

COMBS & COMBS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

The father of Mrs. Ann Begley died many years ago
in Floyd county the owner of a large body of land. After
his death the land was divided among his children. Mrs.
Begley received in the division a tract of land lying on
Beaver creek. Two of her brothers received the tract
on the opposite side of the creek, and in the divsioin the
creek was made the line between them. Mrs. Begley
and her husband, Hiram Begley, lived on her land
until she died on July 27, 1878. Her husband and chil-
dren remained on the land, he being the tenant by the
curtesy, until he died in August, 1904. Her brothers'
tract on the opposite side of the creek was held by them
for awhile. In 1873 one of the brothers sold his half of
the land to J. N. Allen. Allen's wife was a daughter of
the other brother, who agreed to give her the land. Allen
and wife then moved on the land. Allen had not paid
the purchase money and had not received a deed for the
part he bought and no deed had been made to his wife for

the other half. His house burned down. He was slow in making the payments and did not receive a deed for the land he bought until 1881. His wife's father did not make them a deed until 1890. After Allen had settled on the land he gave Hiram Begley a mule and some money, and in consideration of this Begley agreed that Allen might cut a ditch, straightening the creek, and might have the land in the creek bottom which the straightening of the creek would throw on Allen's side of the creek. Allen cut the ditch and straightened the creek, but the creek did not remain straight. By gradual acretion the piece of land cut off to Allen had about doubled in size when this controversy arose in March, 1919. It then amounted to between three or four acres and was valued at $500.00 an acre. This suit was brought by the heirs of Mrs. Begley to recover the land from Allen. Allen defended, relying on his adverse possession of the land for thirty years. The circuit court dismissed the plaintiffs' petition and they appeal.

After Hiram Begley died in August, 1904, fifteen years had not expired in March, 1919, and as he was a tenant by the curtesy the possession of Allen was not adverse to the remainderman, as they had no cause of action until the death of the life tenant. But if the ditch was cut before the death of Mrs. Begley and Allen then took possession of the land as his own up to the creek, the defendants insist that the statute then began to run and that the action was barred by the thirty years statute. The evidence is very conflicting on this question. This court gives some weight to the finding of the circuit judge and it does not disturb his finding on the question of fact where the mind is left in doubt as to the truth on all the evidence. While a number of witnesses testify that the ditch was cut after Mrs. Begley's death they do not give any real basis by which they fix the year, and in fixing the year in which anything was done forty years ago the mere recollection of the witness as to the particular year in which it occurred is not of as great weight as the testimony of witnesses who fix the year by some established data. To illustrate, J. N. Allen was married in 1873 and moved on the land that fall. Elliott Patton fixes the date by the fact that after the ditch was cut he raised a crop of watermelons on the land the first year after the creek was changed. He was then a chunk of a boy and this was some years before he married, in

1880. Martha Stevens fixes the date by saying that the ditch was cut before Frank Allen was born; that she was there. Frank Allen was born in 1876. J. P. Allen says: "The ditch was cut while I lived there. I only lived there from 74 to 77." Joel M. Allen fixes the date by the fact that John Allen died in June, 1877. He had a cane patch there that year; the ditch was then cut. From all the testimony it seems reasonable that this question of straightening the creek came up soon after Allen moved on the land, and while there is much evidence to the contrary based on mere recollection of witnesses, it cannot be held that the finding of the circuit court is against the weight of the evidence.

It is undisputed that Allen was in adverse possession of the land from the time the ditch was cut. It is also undisputed that Allen's trade was with Hiram Begley alone, and that Mrs. Begley had nothing to do with it. In Medlock v. Suter, 80 Ky. 101, the husband and wife by parol sold the wife's land to another. The purchaser took possession and after thirty years an action was brought to recover the land on the ground that the parol sale by the husband and wife was void. It was held that though the sale was void, the cause of action to recover the land from the purchaser accrued when the sale was made, and the action was held barred under the statute, which is in these words:

"The period within which an action for the recovery of real property may be brought shall not, in any case, be extended beyond thirty years from the time at which the right to bring the action first accrued to the plaintiff, or the person through whom he claims by reason of any death or the existence or continuance of any disability whatever." Ky. Statutes, 2508.

In L. & N. R. R. v. Thompson, 105 Ky. 190, the husband by parol sold to the railroad company the right of way through the wife's land. After thirty years she brought an action to recover the land. The action was held barred by limitation. In that case many previous opinions of the court are collected. To same effect see Rose v. Ware, 115 Ky. 420; Hale v. Ritchie, 142 Ky. 424; Faust v. Hill, 215 Ky. 364.

It is insisted that the defendants' answer is not sufficient to present this defense. The allegations of the

answer are that the defendants and those under whom they claim have been for more than thirty years next before the filing of the petition "in the actual, adverse, open, notorious, hostile, exclusive and uninterrupted possession of said land and every part thereof, and they rely upon said lapse of time and the statute of limitations in bar of plaintiffs' right to recover herein." These allegations are certainly good after judgment. Besides it has often been held that under an allegation of ownership, the defendants may show title by adverse possession. Asher v. Howard, 122 Ky. 175, and cases cited. Where the channel of a stream shifts gradually the boundary follows the stream, though the rule is otherwise where there is a sudden change. 9 C. J. 195, section 82; 4 R. C. L. 88.

Judgment affirmed.