## Couch v. Fidelity-Phoenix Fire Insurance Company.

(Decided June 24, 1927.)

### Appeal from Webster Circuit Court.

1. Insurance.—Provision in fire insurance policy that, if property shall hereafter become mortgaged and incumbered, policy shall be null and void, held valid and enforceable.

2. Insurance.—Placing of incumbrance on property insured, in violation of provision against subsequent mortgages or incumbrances thereon, is material to risk, and is not affected by Ky. Stats., section 639, making all statements in application representations, and preventing recovery for misrepresentations, unless material or fraudulent.

3. Insurance.—Fact that company demanded payment of premium notes, after recording of mortgage on property in violation of provision of policy against placing of incumbrances, held not to constitute waiver by company of forfeiture provision, where insurer had no actual notice of incumbrance.

BLACKWELL & LISMAN and C. W. BENNETT for appellant.

GORDON & LAURENT and RAYBURN & WITHERS for appellee.

Opinion of the Court by Judge McCandless—
Affirming.

On the 5th day of October, 1922, the Fidelity-Phoenix
Fire Insurance Company issued a fire insurance policy to
W. T. Couch, covering a dwelling in the sum of $500 and
a smokehouse in the sum of $50. The policy was a five-
year farm policy, the premium being payable in install-
ments, the first of which was paid in cash, and the other
four being payable on the 1st day of January of each
year, beginning January 1, 1924. The policy contained
the usual provisions for suspension during the period of
default in any of the installment payments after matur-
ity, and also the stipulation:

> "If the property, or any part thereof, shall here- .
> after become mortgaged and incumbered, . . .
> then in each and every one of the above cases this
> policy shall be null and void."

Couch did not pay the premium installments matur-
ing January 1, 1924, and January 1, 1925, and the prop-
erty was destroyed by fire December 17, 1925. In the
meantime the company had retained the premium note;
but it does not appear that any communication passed
between the parties in reference thereto until January
27, 1926, when, without any knowledge of the fire, the
attorneys for the company wrote the insured, demanding
payment of the three installments due thereon on the
1st day of January, 1924, 1925, and 1926. At that time
the insured had not notified the company of his loss, and
it is not claimed that it had any information in refer-
ence thereto. Later, on April 3, 1926, the insured fur-
nished proof of loss and demanded payment thereof,
which was refused, whereupon he filed suit.

The insurance company relied on two grounds of
defense: (1) That in default of the payment of the
premium notes the policy was suspended at the time of
the fire; (2) that at the time the policy was issued the
property was incumbered by a mortgage for $500, and
that later, on the 28th of May, 1924, and after the policy
was issued, plaintiff placed another mortgage on the
property in the amount of $600, and thereby the policy
was forfeited.

In his reply plaintiff pleaded the unconditional demand for payment of the past due premium notes as a waiver of the suspension clause. He also pleaded that at the time of the execution of the mortgage, on May 28, 1924, he thought the policy was suspended, and that the company was carrying his notes in order to afford him an opportunity to reinstate the policy by payment, if he de-. sired; that the mortgage was recorded, and gave constructive notice to the company; and that it thereafter elected to retain the notes as a subsisting demand at all hazards, and to continue the policy in force, thereby waiving the incumbrance provision. The lower court sustained a demurrer to the reply, and, upon the plaintiff declining to plead further, dismissed the petition. Plaintiff appeals.

In the late case of Niagara Fire Insurance Co. v. Mullins, 218 Ky. 473, 291 S. W. 760, the court considered at length a policy provision similar to the one in this case, providing a forfeiture in the event the property was subsequently mortgaged and incumbered. The validity of the provision was upheld, and it was also held that the placing of such incumbrance was material to the risk, and not affected by section 639 of the Kentucky Statutes. It was further held, at least inferentially, that a failure to cancel the policy after the recordation of such instrument was not, in the absence of actual notice, in itself evidence of an intention by the insurer to waive the forfeiture provision. No difference is perceived in the two cases. It is not intimated that insurer had actual notice of this incumbrance, and there is nothing in its conduct to intimate that it intended to waive it, and this is sufficient basis for the ruling of the trial court, and renders it unnecessary to consider the effect of the mortgage that existed upon the property at the time the policy was issued, or of the alleged waiver of the suspension clause resulting from nonpayment of premiums.

Wherefore the judgment is affirmed.