## Metropolitan Life Insurance Company v. Stanley.

(Decided May 15, 1928.)

### Appeal from Kenton Circuit Court.

1. Evidence.—In action on accident policy to recover for temporary total disability and for partial disability resulting from injuries to leg from fall, resulting in development of varicose veins, action of trial court in permitting plaintiff to exhibit his leg to the jury held not error, since condition of leg was some evidence of extent of injury and of disability and might throw light on credibility of testimony.

2. Insurance.—In action on accident policy for temporary total and temporary partial disability, instruction permitting jury to award weekly sum for total disability during such period as they believed from the evidence plaintiff was wholly and continuously disabled from performing any duty pertaining to his occupation, resulting directly and independently from the accident, and allowing patrtial disability if plaintiff was continuously disabled from performing one or more important daily duties of his occupation, held not substantially erroneous.

3. Appeal and Error.—In action on accident policy, failure of court to instruct that plaintiff could not recover for disability by reason of varicose veins unless they were result of injury held not

prejudicial, where no instruction was requested and court limited recovery to disability resulting from accident.

4. Appeal and Error.—In action on accident policy by housebuilder for disability payments due to injury to leg, failure of court to define "important duty" of insured's occupation, interference with which would warrant recovery, held not prejudicial where proof showed that plaintiff could not get up on house, and where no instruction defining term was requested.

5. Pleading.—Failure of plaintiff's petition, in action on accident policy, to allege that partial disability immediately followed period of total disability, was cured by answer denying partial disability and by proof and verdict, where no demurrer was interposed and instructions limited jury to consideration of partial disability immediately following total disability.

6. Insurance.—Verdict allowing $500 recovery to housebuilder for 13 weeks' total, and 14 weeks' partial, disability for injury result-from fall and development of varicose veins in plaintiff's leg, held not against evidence in action on accident policy.

ROUSE & PRICE for appellant.

E. R. RIVARD for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

W. S. Stanley held an accident insurance policy issued by the Metropolitan Life Insurance Company. While the policy was in force he fell from an automobile, suffering a cut over the eye, bruises about the head and shoulder, and the skin was torn on his leg from above the knee to the ankle. He was unconscious for five hours; he was in bed about a week. In that time varicose veins developed in his leg. He brought this suit against the company charging that he was totally disabled for 26 weeks and that he was partially disabled for 26 weeks longer. By the terms of the policy the company agreed to pay him $25 a week for not exceeding 20 weeks' total disability and $12.50 a week for not exceeding 26 weeks' partial disability immediately following the total disability by reason of an accident. The issues were made up and on final hearing the jury returned a verdict in favor of the plaintiff for $325 total disability and $175 partial disability, making $500 in all. The court refused a new trial. The defendant appeals.

On the trial of the case, over the defendant's objection, the plaintiff was allowed to exhibit his leg to the jury. It is insisted that this only served to create a sym-

pathy for him. But the condition in which his leg was left was some evidence of the extent of his injury and how long it should have reasonably disabled him. In this character of case the defendant usually insists on the injured part being shown the jury, and not infrequently, when one leg is shown, demands that the other leg should be shown with very potent effect before the jury. In such cases the evidence is competent as the physical facts often throw much light on the credibility of the testimony. Newport News & M. V. R. Co. v. Carroll, 31 S. W. 132, 17 Ky. Law Rep. 374; Davis v. Antol, 212 Ky. 149, 278 S. W. 573.

The court instructed the jury, in substance, that they should find for the plaintiff such a sum computed at $25 a week during such period as they believed from the evidence he was wholly and continuously disabled from performing any and every duty pertaining to his occupation, resulting directly and independently of all other causes from the accident to him, not exceeding 20 weeks, or $500; also that, if they believed from the evidence that thereafter and immediately following such total disability he was continuously disabled from performing one or more important daily duty or duties of his occupation as the direct result of the accident to him and independently of all other causes, then the jury should find for him such sum as such period of partial disability computed at $12.50 a week would produce in a period of 26 weeks.

There was no substantial error in this instruction. It was conceded on the trial that plaintiff was totally disabled for at least one week and the only question was how long he was totally disabled. The defendant insisted that his disability after the first week was due to varicose veins, and not to his injury. On the other hand, the testimony for him was to the effect that the injury produced the varicose veins. He was a healthy man up to the time of his injury.

The defendant insists that the court should by a concrete instruction have told the jury that the plaintiff could not recover for disability by reason of the varicose veins unless these were the result of the injury. But it did not ask this instruction on the trial, and, under the evidence, this question was clearly submitted to the jury by the instruction which the court gave. The defendant also insists that the court should have by its instructions defined the words "important duty"; but it did not ask this on the trial, and there was, under the evidence, little

necessity for a definition, for the plaintiff was a builder of houses, and all the proof was directed to showing that, by reason of the condition of his leg, he could not get up on a house to direct the operations.

It is also insisted that the plaintiff's petition is insufficient, in that he failed to allege that the partial disability immediately followed the period of total disability. But there was no demurrer to the pleading. The answer denied that there was a partial disability for any time and the instructions of the court expressly limited the jury to a partial disability immediately following the period of total disability. If there was any defect in the pleading it was cured by the answer, proof, and the verdict. Henry Clay Fire Ins. Co. v. Barkley, 160 Ky. 153, 169 S. W. 747; General Accident, etc., Corporation v. Stratton, 165 Ky. 754, 178 S. W. 1060; L. & N. R. R. Co. v. Dixon, 176 Ky. 569, 195 S. W. 1099; Blake v. Clark, 217 Ky. 340, 289 S. W. 287; Begley v. Allen, 217 Ky. 231, 289 S. W. 257. The verdict of the jury is not against the weight of the evidence and cannot be disturbed on the facts. Hartford Accident Co. v. Davis, 184 Ky. 487, 210 S. W. 950.

Judgment affirmed.