## Corey et al. v. Niagara Fire Insurance Company.

(Decided February 12, 1932.)

HARVEY T. LISLE for appellants.

JOUETT & METCALF, GORDON, LAURENT & OGDEN and T. M. GALPHIN, Jr., for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellants and plaintiffs below, James T. Corey and Sallie Corey, jointly owned a tenant residence in Winchester, Ky., upon which they procured a fire policy from the appellee and defendant below, Niagara Fire Insurance Company, in the sum of $500. The property was destroyed by fire on November 17, 1926, and on November 22, 1929, more than three years after the fire, this action was filed by plaintiffs against defendant in the Clark circuit court to recover the amount of the policy. In the petition it was expressly averred that plaintiffs had not furnished proof of loss as required by the terms of the policy "but that the defendant company denied any liability under its contract of insurance for the loss sought to be recovered herein." The answer of defendant did not controvert the quoted clause of the petition, but it defended by relying on three conditions contained in the policy, which, according to their terms, defeated plaintiffs' right to recover thereon, and which were: (a) Failure to furnish proof of loss as required by the policy; (b) mortgaging of the property by plaintiffs without the required notice to or consent of defendant, and (c) continued vacancy of the property beyond the stipulated limit without notice to, or consent duly given by, defendant.

Those paragraphs of the answer were controverted of record, and at the beginning of the trial the court ruled that the burden was on plaintiffs, to which they excepted. Evidence was heard (but the amount and character of which we do not know, since it has not been brought here), and at the close of the testimony the court peremptorily instructed the jury to find for defendant, and a verdict was returned accordingly, upon which judgment was rendered dismissing the petition, and to reverse it plaintiffs prosecute this appeal.

But two grounds are urged for reversal, and which are: (1) Error of the court in adjudging to plaintiffs the burden, and (2) error in giving the peremptory

instruction. The error contained in ground 1 is evidently well taken in so far as it required plaintiffs to first proceed with the introduction of their proof, and, if there had been a submission of the issues to the jury and plaintiffs, pursuant to their adjudged burden, were compelled to argue the case to the jury in accordance therewith, the full effect of the error would be presented. But this case, as we have seen, went off on a peremptory instruction for defendant, and, since the chief benefit with respect to the burden is the right to have the closing argument to the jury, it is impossible for us to discover wherein plaintiffs were prejudiced by being compelled to introduce their testimony first and before defendant introduced its testimony.

In other words, it can have no possible prejudicial effect as to which litigant first proceeds with the introduction of his testimony when the case is finally disposed of by the court directing the jury to find for a particular litigant. In such case the court reviews the testimony as a whole and concludes that the litigant against whom the verdict is directed has failed to develop even a scintilla of proof to sustain his cause of action or defense, and it would be but surrendering the substance for the shadow to hold such an error, in such circumstances, prejudicially erroneous so as to authorize a reversal therefor. We therefore conclude that there is no merit in this ground.

Ground 2 is sought to be sustained with the argument that plaintiffs, by their anticipatory statement in their petition that defendant had waived proof of loss by denying liability and because thereof the waiver so pleaded was admitted, since defendant did not in terms deny it. But such anticipatory method of pleading cannot dispense with the rights of the parties in the conduct of the trial, even if the anticipated matter was sufficiently pleaded, but which was not done in this case. The condition in the policy forfeiting the right of recovery in case of a loss, unless the required proof thereof was made within sixty days after the fire, was a condition subsequent and not a precedent one having for its purpose a continuation of the insurance contract. In the latter case it would be incumbent on the insured to aver a compliance with such conditions precedent, but no such requirement is demanded of him with reference to promissory conditions subsequent. They are exclusively defen-

sive and no advantage may be obtained by anticipatory pleading concerning them. That point was expressly so decided by us in the recent case of Home Insurance Co. of New York v. Johnson, 226 Ky. 594, 11 S. W. (2d) 415, 416, wherein we used this language:

> "The fact that the plaintiff in his petition anticipated one of these defenses and alleged that he had furnished proof of loss did not shift the burden to him. The pleader, by anticipating possible defenses, should not be permitted to deprive the other party of the burden of proof with its incident right to open and close."

Therefore, the alleged admission of defendant in failing to expressly or categorically deny the alleged waiver of proof of loss, did not foreclose that defense, or deprive it of the right to a submission of the case to the jury on that issue under the pleadings, since it did rely on the failure to make proof of loss, together with the other named breaches of conditions in the policy. However, the alleged waiver, if contained in an appropriate pleading, was insufficient because it did not state when defendant denied liability for the loss. If that denial was made *after* the period within which plaintiffs should furnish such proof and, of course, after defendant's liability would thereby be destroyed, it would be wholly ineffectual as a waiver, and, we repeat, so far as plaintiffs' pleading is concerned, the waiver by defendant may have been made *after* it had become released.

Independently, however, of such considerations with reference to the proof of loss, either of the other two breaches of the policy relied on as defenses, if proven, would authorize the giving of the complained of peremptory instruction. In the cases of Niagara Fire Insurance Co. v. Mullins, 218 Ky. 473, 291 S. W. 760, Niagara Fire Insurance Co. v. Hankins, 220 Ky. 234, 294 S. W. 1070, Couch v. Fidelity-Phoenix Fire Insurance Co., 220 Ky. 802, 295 S. W. 1054, and Lee v. Hartford Fire Insurance Co., 223 Ky. 533, 4 S. W. (2d) 372, it was held that a mortgage, or incumbering, of the insured property by the policyholder, without complying with the stipulations of the policy with reference thereto, or a waiver thereof by the company, forfeited the right of the insured to a recovery if loss occurred. That defense was made in this case, and, in the absence of the evidence upon it, heard at the trial, under a well-known rule of practice,

we are compelled to presume that the testimony supported it without contradiction. The same is also true with reference to the defense in another paragraph of the answer relying upon the nonconsent to vacancy of the property more than the permitted ten days, and which also constitutes a defense to an action on the policy, as was held by us in the recent case of Continental Insurance Co. v. Simpson, 220 Ky. 167, 294 S. W. 1048, and other domestic cases listed in that opinion to the same effect.

So that, for the purposes of this case, ground 1, relied on by plaintiffs' counsel, but disposed of above contrary to his contention, if concededly meritorious, does not entitle his clients to a reversal of the judgment, since under the condition of the record it would have to be presumed that the evidence heard at the trial supported one or both of the two other defenses—of forbidden incumbrance of the property and its vacancy—each of them being in violation of the terms of the policy.

There is therefore no course open to us except to affirm the judgment, which is accordingly done.