## Henry v. National Benefit Life Insurance Company.

(Decided March 8, 1932.)

FRANK K. KAVANAUGH and B. T. QUINN for appellant.

JAMES H. POLSGROVE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Stewart Dickerson Henry carried a life insurance policy with the National Benefit Life Insurance Company for $1,000. His wife, Annie Henry, was designated as the beneficiary. The insured died on September 28, 1929, and this action was instituted by the widow against the company to collect the insurance. The action was dismissed on demurrer to the petition, as amended, when the plaintiff declined to plead further. The plaintiff has proscuted an appeal.

The sole question presented is the sufficiency of the petition, as amended, although the discussion has covered a much wider range.

The petition, after manifesting the right of the plaintiff to sue, and the capacity of the defendant to be sued, alleged a contract by the defendant to pay the plaintiff $1,000 upon the receipt and approval by the defendant of formal proofs of the death of the insured. It was further alleged that the death had occurred on the date stated, and that the plaintiff had complied with all the conditions imposed by the terms of the policy. Plaintiff also alleged that the insured during his life had punctually paid more than five annual premiums called for by the contract, and that the quarterly payment of $7.26 due on February 13, 1929, was not paid. The policy provided, however, that, after the payment of three full annual premiums, a default should not forfeit the insurance, but should confer upon the insured three alternative options, and allowed him three months' time in which to make his election. The policy further provided that failure to make a choice of options in the manner and within the time allowed by the policy would operate to put the third option in force. By that option the full amount of the insurance was extended for a period specified in the contract. The payment by the insured of more than five full annual premiums under the automatic extension provision carried the policy in force for a time beyond the date of the death of Henry. The policy was not exhibited with the petition and may not be consulted in construing the pleading. It will be seen from the facts recited that a good cause of action was stated. The answer of the company denied many of the averments of the petition, but set up no affirmative defense.

An amended petition was filed which referred for the first time to a loan of $46 made by the company to the insured for the purpose of paying premiums, and alleged that the debt was not due at the time of the death, but was to become due at the seventh anniversary of the policy on November 12, 1929. Plaintiff consented for a credit of $37.82 to be allowed on the amount of insurance due her, but the pleading failed to show the facts concerning the loan, or how it was reduced to the amount mentioned. A demurrer was then filed and sustained to the petition as amended, as already stated. In some way not explained by the record the original policy of insur-

ance, an original premium receipt paid January 23, 1929, a loan agreement for $46, and a photostatic copy of the policy were filed with the papers in the case. The case is argued here as though all these documents were before us for consideration. But, in the state of the record, the only question raised is the sufficiency of the pleadings to which the demurrer was sustained. It is apparent from what has been said that the demurrer to the petition should have been overruled. If the defendant desires, it may amend its answer pleading such pertinent facts as may constitute its defense. It may be that the loan on the policy defeated the automatic extension thereof, but plainly the petition and amended petition do not state any facts that warrant such a conclusion. We are constrained to reverse the judgment, with directions to overrule the demurrer, and to reserve all other questions involved until the facts are fully developed upon proper pleading and by appropriate proof.

The judgment is reversed for proceedings in accordance with this opinion.