## Home Insurance Co. of New York v. Cardwell.

(Decided Nov. 24, 1933.)

GORDON, LAURENT & OGDEN, T. M. GALPHIN, Jr., and CHAS. G. FRANKLIN for appellant.

J. T. GOOCH for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This is a suit brought by the appellee, who was the plaintiff below, against the appellant, defendant below,

on an alleged oral contract of insurance. From a judgment in favor of the appellee in the full amount sued for, this appeal is prosecuted.

The petition in so far as it bears on the present controversy alleges that the appellant "agreed 'to and did enter into an oral insurance contract with this" appellee "by the terms of which said" appellant "for and in consideration of payment of the rate of insurance fixed and approved in this State on such property, to wit" (and here follows the rate), insured the appellee for a period of one year from the date of said alleged oral contract against loss by fire or lightning on certain described personal property. Nowhere in the petition does the appellee aver that he had ever paid the premiums referred to in his petition. A general demurrer to this petition was overruled, and thereupon the appellant filed its answer traversing the allegations of the petition. Later an amended answer was filed, which not only specifically set up the failure of the appellee to pay any premiums, but also affirmatively averred that at the time the appellee sought insurance the appellant's agent informed him that the property would not be insured unless appellee paid the first year's premium in cash at the time of making his application for the insurance. Other matters set up in this amended answer need not here be noted. By his reply the appellee did not respond to the affirmative allegation that he had never paid any premiums, but contented himself with the traverse of the other allegations of the amended answer. On the trial the appellee's evidence established that he had not paid any premiums, but that at the time he applied for the insurance the agent of the appellant then in the office told him that he, the agent, was unable to figure the premium, but that if he, the appellee, would come back later, the agent's partner would figure the premium for him and that he, the appellee, could then pay it, but that in the meantime he would be covered by insurance. The appellant's evidence was to the effect that no such transaction as claimed by the appellee took place and that its agents had steadily declined to issue appellee a policy or to agree to insure him except upon the payment in cash of the premium at the time the application for the policy was made. Appellee admitted that he never returned to the office of appellant's agents to pay the premium

or to ascertain the exact amount of it. Appellant's motion for a peremptory instruction made at the close of the appellee's case and renewed at the close of the whole case was overruled. The case being submitted to the jury, it found for the appellee, and judgment was entered accordingly.

Although several grounds for reversal are urged on this appeal, we are of opinion that none of them need be discussed or decided save the one that the demurrer to the petition should have been sustained, and, failing that, the one that the motion of the appellant for a peremptory instruction should have been sustained. Addressing ourselves to these contentions, we find that the only consideration averred in appellee's petition for the undertaking he alleged appellant assumed was, to quote again from that petition, the "payment of the rate of insurance fixed and approved in this state." Appellee now argues that the allegation "payment" means "promise to pay." But that is not so. As said in the case of Rhodes v. Chesson, 44 N. C. 336:

> "The statute of Ann allows the plea of 'payment.' Payment may be made either in money, or in money's worth; but to amount to a payment, the thing must be done, the money must be paid, or the thing taken as money must be passed so as presently to become the property of the other party. A promise or undertaking to pay either in money or other thing, is not a payment; the contract is executory, whereas payment is executed, a thing done."

As appellee failed in his petition to aver that he had made the payment which he said was the consideration of the appellant's undertaking, the petition was plainly demurrable.

The point was not waived by the appellant, since throughout its pleadings and its proof it took the position not only that the appellee had never paid the insurance premium, but also that it had constantly informed him through its agents that it would not issue a policy of insurance or insure his property unless he paid the premium in cash at the time the insurance was effected. In his proof the appellee utterly failed to prove or establish the contract defectively alleged in

438

his petition. At the best he established an executory contract on his part, to wit, a promise to pay the premium. But such a contract was very different from the one set out in his pleadings. Thus it was that there was a material variance between his pleadings and proof, which, being true, the court should have peremptorily instructed the jury to find for the appellant.

Judgment reversed for proceedings consistent with this opinion.