# Federal Union Life Insurance Co. v. Stengler.

(Decided May 7, 1935.)

BATSON & CARY and WM. E. BERRY for appellant.

WALTER S. LAPP and CHARLES LEIBSON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is an action to recover $1,000 on an insurance policy issued May 1, 1933, to Max Stengler by the Federal Union Life Insurance Company. The petition contains the usual allegations, except it fails to allege that the premiums had been paid by the insured or any one for him. The insurance company filed a demurrer to it. The demurrer was overruled. It saved an exception. By answer, it traversed the petition. On the evidence of the parties, it was tried to a jury. And under the instructions of the court, it returned a verdict adverse to the insurance company.

During the introduction of the evidence, the court used this language:

"The only issue apparently made by the pleadings, is, whether or not the premiums were paid."

Thereupon, counsel of the insurance company stated:

"The sole defense is, that there were no premiums paid on the policies."

On the completion of all the evidence it offered a peremptory instruction to find for it, which was refused by the court.

We do not find in the record the instructions given. Respecting them, the bill of exceptions recites:

"The court thereupon instructed the jury as shown by the record filed in this action, to all of which the defendant objected and excepted and still objects and excepts."

The insurance company now presents as a sole ground of reversal its demurrer to the petition and the court's ruling thereon.

True it is that the payment of premiums on an insurance policy is a condition precedent, and necessary to keep the policy in force; and, in an action thereon, it is necessary to allege payment of premiums, or some adequate excuse for nonpayment. Noble v. Southern States Mutual Life Ins. Co., 157 Ky. 46, 162 S. W. 528; see Henry v. National Benefit Life Ins. Co., 242 Ky. 674, 47 S. W. (2d) 516, and Home Ins. Co. of New York v. Cardwell, 251 Ky. 435, 65 S. W. (2d) 56.

An allegation in the petition that the plaintiff had fulfilled all the conditions of the policy is not a sufficient allegation of the performance of the condition precedent respecting the payment of premiums. Royal Ins. Co. v. Smith, 8 Ky. Law Rep. 521; Corey v. Niagara Fire Ins. Co., 243 Ky. 34, 47 S. W. (2d) 955.

It is apparent that it is our view the court improperly overruled the demurrer to the petition. However, we do not mean by this that the insurance company is now entitled to a reversal because of this error. If the statement of its counsel, quoted above, is not sufficient to cure the defect in the petition and the error of the court in overruling the demurrer to it, it is not doubtful that, according to the accepted rule of practice in such case, the evidence, the verdict, and the judgment cure the defect of the petition, now relied upon. Harmon v. Thompson, 119 Ky. 528, 84 S. W. 569; Pacific Mut. Life Ins. Co. v. Taylor, 166 Ky. 323, 179 S. W. 199; Doherty v. First Nat. Bank, 170 Ky.

810, 186 S. W. 937; Crawford v. Crawford, 222 Ky. 708, 2 S. W. (2d) 401; Metropolitan Life Ins. Co. v. Stanley, 224 Ky. 529, 6 S. W. (2d) 682; Thomas v. Aldridge, 241 Ky. 1, 43 S. W. (2d) 179; Slusher v. Hubble, 254 Ky. 595, 72 S. W. (2d) 39.

The rule is that where a defendant does not stand on his demurrer to the petition, but files an answer and fails to object to the evidence on the question, the evidence, verdict, and judgment cure the defect of the petition. Under the issues joined herein, the sole question to which the evidence of the parties was directed was whether the premiums had been paid by the insured or any one for him.

It must be assumed, in the absence of the instructions, that they submitted to the jury the issue to which the evidence of the parties was solely directed. Necessarily, all facts defectively stated or omitted from a pleading are cured by the evidence, when it is not objected to as it is introduced. This rule is in harmony with section 756, Civil Code of Practice. In the circumstances, the overruling the demurrer, of which complaint is now made, did not affect the substantial rights of the insurance company.

The judgment is affirmed.